577 A.2d 214

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Clifford Henry SALE, Jr.**

Superior Court of Pennsylvania.

Submitted April 3, 1990.

Filed July 2, 1990.

David J. Flower, Dist. Atty., Somerset, for Com., appellant.

Joseph B. Policicchio, Somerset, for appellee.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge:

The Commonwealth appeals from a pretrial ruling excluding evidence of a business' reputation as a house of ill repute or prostitution in a prosecution of the owner on charges of promoting prostitution, gambling and criminal conspiracy. In its Notice of Appeal, the Commonwealth has certified that the exclusion order seriously impairs its ability to present its case and prove the crime. We determine that evidence of a business' reputation as a house of ill repute is not admissible to establish the actual character of the business. Accordingly, we affirm.

In 1988, undercover operatives of the Pennsylvania State Police conducted an investigation involving the Adult Country Bookstore in Stoneycreek Township, Somerset County. The Bookstore was allegedly owned by Clifford Henry Sale, Jr., the named defendant in the case here under review.

One undercover officer allegedly witnessed payoffs or offers of payoffs made by a male employee to patrons playing a video poker machine. Another officer allegedly was given a massage by a female employee who allegedly offered to engage in oral sex with the undercover officer in exchange for payment over and above the charge for the massage. The single encounter between the officer and the female employee is the only direct evidence available to prove that the Bookstore is a house of prostitution, as defined in 18 Pa.C.S. § 5902(f).

The District Attorney desires to call three individuals "who are familiar with [the Bookstore's] reputation in the community as being a place where prostitution is regularly carried on or a house of prostitution" and who would testify to the fact "that it is a place where prostitutes are available and that it falls within the definition of a house of prostitution, a place where prostitution is regularly carried on ... [a]nd that would be its reputation, general reputation in the community." Notes of Testimony, September 1, 1989 (filed September 6, 1989), pages 1, 2.

■ The Honorable John M. Cascio held a pretrial conference on the matter and entered the order excluding reputation and/or character evidence regarding the Adult Country Bookstore, prompting this appeal. Relying upon *Commonwealth v. Murr*, 7 Pa.Super. 391 (1897) and its progeny, the Commonwealth argues that evidence of reputation is admissible in prostitution cases. Legislative enactments 18 P.S. § 4512 (repealed) and 18 P.S. § 801 (repealed) codified prior caselaw regarding the admissibility of reputation evidence to show that an establishment was involved in prostitution. *See Commonwealth v. Visotsky*, 129 Pa.Super. 86, 195 A. 148 (1937); *Commonwealth v. Dolan*, 155 Pa.Super. 453, 38 A.2d 497 (1944). These statutory enactments incorporated and thus superseded the *Murr* holding. Each statutory provision provided:

In the trial of any person charged with violation of any of the provisions of this act, testimony concerning the reputation of any place, structure, or building, or of the

person or persons who reside in or frequent the same, and of the defendant, shall be admissible in evidence in support of the charge.

18 P.S. § 4512 (repealed) and 18 P.S. § 801 (repealed). After enactment of 18 P.S. § 4512 and 18 P.S. § 801, the authority for the introduction of reputation evidence in this area was based upon the statute, not caselaw. Both section 18 P.S. § 4512 and 18 P.S. § 801 have been repealed. The present statute addressing prostitution and related offenses, 18 P.S. § 5902, does not contain any provision indicating that evidence of bad reputation is admissible. We consider this omission purposeful. A material change in the language of a statute indicates a change in legislative intent. *Midvale Co. v. Unemployment Compensation Board of Review, Department of Labor & Industry*, 165 Pa.Super. 359, 67 A.2d 380 (1949). The legislature by omitting any language regarding the admissibility of reputation evidence to show the character of a business as a house of prostitution has indicated its intent that such evidence no longer be permissible. Our research has not disclosed any cases interpreting 18 Pa.C.S. § 5902 on this issue. However, reference to the body of commentary in this area suggests that the admission of this type of evidence is dependant upon statute. Accordingly, we find no support for admitting such evidence absent a specific statutory provision permitting its consideration. Any such proffered evidence is, therefore, inadmissible.

Order of September 1, 1989 is AFFIRMED. Jurisdiction relinquished.