710 A.2d 12

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**George E. MATIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1998.

Decided Feb. 24, 1998.

Reargument Denied May 12, 1998.

222

Joseph M. Marasco, Bradford, for George E. Matis.

David M. McGlaughlin, Philadelphia, for Pennsylvania Ass'n of Criminal Defense (Amicus Curiae).

Michele D. Alfieri, Smethport, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

George E. Matis (Matis) appeals from an Order of the Superior Court that reversed the Order of the Court of Common Pleas of McKean County (trial court) dismissing criminal charges against him pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure. We affirm the Order of the Superior Court.

## FACTS

The criminal complaint alleges that on January 26, 1992, Matis operated his automobile while he was intoxicated in Wetmore Township, McKean County, Pennsylvania. Additionally, the complaint states that Matis drove his car into oncoming traffic and struck an approaching vehicle, killing his passenger and a passenger in the other automobile. Blood tests later revealed that Matis' blood alcohol content was .23%.[1]

On February 12, 1992, the Commonwealth filed a complaint against Matis charging him with two counts of homicide by vehicle while under the influence of alcohol,[2] homicide by vehicle,[3] driving while under the influence of alcohol,[4] reckless

1. The accident occurred at 2:44 a.m., and hospital personnel drew Matis' blood for testing at 5:10 a.m. The record does not explain why nearly two and one-half hours passed between the accident and the taking of the blood sample.

2. 75 Pa.C.S. § 3735.

3. 75 Pa.C.S. § 3732.

4. 75 Pa.C.S. § 3731.

driving,[5] and meeting a vehicle travelling in the opposite direction.[6] The court continued the trial four times at the request of the Commonwealth so they could secure "relation back" evidence to establish Matis' blood alcohol level at the time of the accident pursuant to *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992).[7]

The certified record does not fully explain all of the reasons why the trial court granted these continuances because the trial court did not prepare a report of the postponements as mandated by Rule 1100(g),[8] but it appears that the Commonwealth repeatedly postponed Matis' trial because its expert forensic toxicologist was unavailable. On December 22, 1992, the trial court issued an Order that set the trial date for January 27, 1993. Voir dire commenced on January 4, 1993. On that date, the jury was selected, but not sworn, because the trial was scheduled to commence three and one-half weeks later.

When the Commonwealth filed another motion to continue the trial on January 21, 1993, the defense objected, and the trial court scheduled a hearing on the Commonwealth's mo-

5. 75 Pa.C.S. § 3714.

6. 75 Pa.C.S. § 3302.

7. In *Jarman* and *Modaffare*, this Court held that the evidence was insufficient to sustain convictions for driving under the influence of alcohol where blood samples taken approximately one hour after the defendants operated their vehicles showed that their blood alcohol levels were slightly above the 0.10% threshold. Because the Commonwealth did not introduce expert testimony to relate back the defendants' blood alcohol level at the time they drove their cars, this Court held that the convictions were based on speculation and there was no proof beyond a reasonable doubt.

8. Rule 1100(g) provides, in pertinent part, as follows:

In the event the case is dismissed pursuant to this subsection, *the court shall promptly prepare a report of continuances by the Commonwealth and the reasons therefor*, which prevented the case from coming to trial as required by this rule. Such report shall be certified by the President Judge or Administrative Judge, shall be made part of the public record of the case, and shall be sent to the Court Administrator of Pennsylvania within 20 days of the order of discharge.

Pa.R.Crim.P. 1100(g) (emphasis added).

tion. At that hearing on January 25, 1993, the Commonwealth informed the trial court that it had been unable to subpoena Kelly Anderson (Anderson), a manager and bartender at a tavern that Matis allegedly visited on the night of the accident. The assistant district attorney informed the court that Anderson was unavailable because she was on a camping vacation and somewhere en route from Arizona to McKean County. The Commonwealth attempted to subpoena Anderson sixteen days before the trial. When it was unable to serve her, a detective from the district attorney's office contacted her father, sister, and an employee at the bar. The employee, Barry McGill, testified that Anderson telephoned the bar two or three times while she was vacationing and that he told her to contact the district attorney's office. McGill also said that Anderson told him that she would call the district attorney, but she never did.

The assistant district attorney did not know when Anderson would return, but nevertheless requested a continuance because Anderson's testimony was essential as it would lay a factual foundation for the subsequent testimony of the expert who would relate back the Appellant's blood alcohol level and testify that Matis was intoxicated at the time of the accident.

Although Anderson lived in McKean County continuously since the accident, the district attorney's office was unable to contact her. It concluded that her testimony was necessary based on interview notes of a private investigator whom lawyers had hired concerning a related civil claim. To support its argument, the Commonwealth introduced the investigator's report into evidence. Relying on the private investigator's notes, the Commonwealth represented to the court that Anderson told the investigator that Matis entered the tavern at 1:45 a.m. and asked for a mixed drink, but that she served him a soft drink instead because he was visibly intoxicated. According to the notes, Matis was with one of the victims, and with his companion he left the tavern at 2:10 a.m., approximately ten to fifteen minutes before the accident.

At the conclusion of the hearing, the trial court denied the Commonwealth's request for a continuance. The court held

that the Commonwealth was not diligent in assuring Anderson's attendance at trial. In addition, the trial court relied on the fact that the Commonwealth did not introduce any expert testimony at the hearing on the motion to continue to establish that Anderson's testimony was necessary to lay a foundation for the expert's relation back opinion.

The Commonwealth filed a Notice of Appeal of that Order to the Superior Court on January 27, 1993, the date on which the trial was scheduled to begin. The Commonwealth did not seek permission from the trial court to appeal this interlocutory order pursuant to Rule 312 of the Rules of Appellate Procedure. Instead, it filed a notice of appeal containing a certification that the trial court's Order denying the Motion to Continue substantially impaired the prosecution. The trial court took no action while the appeal was pending because it believed that the filing of the Commonwealth's appeal divested it of jurisdiction. The Superior Court granted Matis' Motion to Quash the appeal by Order dated December 8, 1993. The Commonwealth filed a Motion to Reconsider, which the Superior Court denied.

On January 12, 1994, Matis filed a motion in the trial court to dismiss the charges against him pursuant to Pa.R.Crim.P. 1100, in which he alleged that the Commonwealth failed to exercise due diligence in bringing him to trial and filed a frivolous appeal in bad faith from a non-appealable interlocutory order for the sole purpose of delaying the trial.

On January 28, 1994, the trial court granted Matis' Motion to Dismiss the charges pursuant to Rule 1100. Although the trial court rejected Matis' claim that the Commonwealth acted in bad faith when it filed the appeal, it discharged Matis because it concluded that the Commonwealth did not exercise due diligence in bringing him to trial. Matis continues to argue that the prosecutor took the appeal to the Superior Court in bad faith and to delay the beginning of his trial. Although the trial court's Opinion is silent on this issue, the trial court expressly rejected that assertion in court when it stated the following:

I at no time made a finding that the Commonwealth was acting in bad faith. And after hearing argument today, there's been no evidence presented or even any argument that persuaded me that the Commonwealth acted in bad faith in taking the appeal.

Notes of testimony, January 28, 1994, p. 38. This Court is therefore bound by the trial court's factual finding that the Commonwealth did not act in bad faith. The trial court denied the Commonwealth's Motion for Reconsideration on February 15, 1994.

The Commonwealth appealed and the Superior Court issued a Memorandum Opinion and Order dated March 29, 1995 in which it reversed the trial court and remanded the case for trial. The Superior Court held that the period of time that the Commonwealth's appeal was pending is excludable from the period for commencement of trial pursuant to Rule 1100. Judge Del Sole filed a Dissenting Memorandum in which he concluded the trial court properly dismissed the charges against Matis.

We granted Matis' Petition for Allowance of Appeal to decide whether the Superior Court erred in reversing the trial court's dismissal of the charges against him based on the Commonwealth's violation of Rule 1100.

## DISCUSSION

Our standard of review of a trial court's decision to dismiss charges pursuant to Rule 1100 is whether that court abused its discretion. *Commonwealth v. Edwards*, 528 Pa. 103, 595 A.2d 52 (1991). This Court must confine its inquiry to the evidence in the record along with the findings of the trial court. *Commonwealth v. Fuchs*, 372 Pa.Super. 499, 539 A.2d 1307 (1988), *alloc. denied*, 521 Pa. 610, 557 A.2d 341 (1989).

Rule 1100 of the Pennsylvania Rules of Criminal procedure, which protects the accused's speedy trial rights, provides in pertinent part as follows:

Rule 1100. Prompt Trial

(A) ....

(2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

(B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or the defendant's attorney;

(ii) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

\* \* \*

Pa.R.Crim.P. 1100. Thus, Rule 1100 provides that a trial must commence no later than 365 days from the date on which the criminal complaint is filed unless there is "excludable" time, delay attributable to the defendant or defense counsel. However, a defendant is not entitled to a dismissal of charges after 365 days if the Commonwealth exercises due diligence in attempting to go to trial. Pa.R.Crim.P. 1100(g).

At the outset, we note that the Superior Court committed an error of law when it characterized the period of time that the Commonwealth's appeal was pending in the Superior Court as "excludable time." The phrase excludable time derives from Rule 1100(c), which sets forth limited circumstances for *excluding* intervals of time from the period for commencement of trial. No other subsection of Rule 1100 refers to excluding time from the period for commencement of trial.

Thus, the term excludable time has a specific meaning pursuant to Rule 1100(c), which dictates that only delay imputed to the defense can constitute excludable time. *Commonwealth v. Cook*, 544 Pa. 361, 676 A.2d 639 (1996); *Commonwealth v. Robinson*, 498 Pa. 379, 386, 446 A.2d 895, 899 (1982). Delays caused solely by the Commonwealth cannot constitute excludable time. However, delays attributable to

the Commonwealth can be a valid basis to extend the period for commencement of trial if the Commonwealth is duly diligent. Accordingly, the period of time that the Commonwealth's appeal was pending before the Superior Court was not excludable time because this delay was not attributable to the defense.

 The Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time. *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990). The Commonwealth bears the burden of proving that its efforts to bring the defendant to trial were reasonable and diligent. *Id.* If the Commonwealth files a pre-trial appeal in bad faith without the right to do so, it fails to exercise due diligence pursuant to Rule 1100. *Commonwealth v. Malinowski*, 543 Pa. 350, 671 A.2d 674 (1996).

It is undisputed that the Matis trial was postponed because the Commonwealth filed an interlocutory appeal to the Superior Court on January 27, 1993, and the trial court took no further action until after the Superior Court quashed the Commonwealth's appeal. This Court has not previously addressed the issue of whether the Commonwealth can appeal an order denying a request for a continuance to secure the presence of a necessary witness.

 The legislature has generally confined the jurisdiction of the Superior Court to appeals from final orders of the courts of common pleas. 42 Pa.C.S.A. § 742. An order is interlocutory and therefore not final unless it effectively puts the litigant out of court. *Commonwealth v. Dugger*, 506 Pa. 537, 546–47, 486 A.2d 382, 386 (1985); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963). Ordinarily, pre-trial orders are considered interlocutory and not appealable. *Dugger*. However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial. In such litigation, the Commonwealth may appeal a suppression order as a final order "when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps the

prosecution." *Dugger*, 506 Pa. at 546–47, 486 A.2d at 386. "Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Id.*, 506 Pa. at 547, 486 A.2d at 386. We have held that the Commonwealth's certification that a suppression order substantially handicapped the prosecution is "not contestable." *Id.*, 506 Pa. at 545, 486 A.2d at 386. The certification, "in and of itself, precipitates and authorizes the appeal." *Id.*

This Court has also held that the Commonwealth may appeal a pre-trial order granting a motion *in limine* to exclude evidence that has the effect of terminating or substantially handicapping the prosecution. *Commonwealth v. Gordon*, 543 Pa. 513, 673 A.2d 866 (1996). The basis of our decision in *Gordon* was that there is essentially no difference between suppression rulings and rulings on motions *in limine* to admit or exclude evidence, which are appealable. *See also, Commonwealth v. Cohen*, 529 Pa. 552, 605 A.2d 1212 (1992)(in which a plurality of this Court held that the Commonwealth may appeal a pre-trial order granting a motion *in limine* if the order terminates or substantially handicaps the prosecution); *Commonwealth v. Johnson*, 399 Pa.Super. 266, 582 A.2d 336 (1990) (Commonwealth was permitted to appeal a pre-trial order granting a motion *in limine* excluding testimony of an expert witness where the Commonwealth certified that the order substantially handicapped its prosecution); *Commonwealth v. Sale*, 395 Pa.Super. 272, 577 A.2d 214 (1990), *allocatur denied*, 528 Pa. 609, 596 A.2d 156 (1991) (Commonwealth appeal permitted from pre-trial order excluding evidence of the reputation of the defendant's business as a house of ill repute where Commonwealth certified that the order would seriously impair its ability to present its case and to prove the crime). *But see, Commonwealth v. Saunders*, 483 Pa. 29, 394 A.2d 522 (1978)(the Commonwealth may not appeal a pre-trial order granting severance of two criminal informations for separate trials because it is interlocutory).

Although Rule 1100 is silent concerning the effect of a pre-trial appeal upon the running of time, this Court has recognized that a pre-trial appeal by the Commonwealth can serve

as a proper basis to extend the period for commencement of trial pursuant to Rule 1100. *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981) *(Jones II).* In *Commonwealth v. Jones,* 474 Pa. 364, 378 A.2d 835 (1977) *(Jones I),* the defendant filed a motion to suppress evidence, which the trial court granted in part and denied in part, suppressing certain statements and evidence, including the murder weapon, seized by out-of-state police. The Commonwealth filed a pre-trial appeal to this Court, which affirmed the trial court, stating that the appeal presented a "close question." *Id.* at 373, 378 A.2d at 840. Because the Commonwealth certified that the suppression order terminated or substantially handicapped the prosecution, its appeal was proper pursuant to *Dugger.* The Commonwealth further appealed this Court's decision by filing a Petition for Writ of Certiorari to the United States Supreme Court, which denied the Petition. *Pennsylvania v. Jones,* 435 U.S. 947, 98 S.Ct. 1533, 55 L.Ed.2d 546 (1978).

After the Commonwealth exhausted its appellate remedies, the defendant moved to dismiss the charges against him pursuant to Rule 1100. The trial court denied the motion, and a jury convicted the defendant of murder. On appeal to this Court, the defendant argued that the Commonwealth's unsuccessful appeal violated his right to a speedy trial guaranteed by Rule 1100. This Court affirmed the trial court, holding that Jones' trial had "commenced" for Rule 1100 purposes when the trial court held an evidentiary hearing on the defendant's Motion to Suppress Evidence. This Court held that the suppression motion was a substantial first step leading directly into the guilt-determining process because the suppression motion in *Jones* was returnable at the time of trial.[9] This Court also noted that the Commonwealth had "scrupulously" abided by the mandates of Rule 1100, and had

9. The "return date" on a motion is the date it is scheduled to be heard. In *Jones,* the court did not set a specific return date, but instead made the motion returnable at the time of trial. In the present case, the trial court denied Matis' Motion to Suppress Evidence on June 29, 1992. However, because that motion was not returnable at the time of trial, Matis' trial did not "commence" when the trial court held a hearing on the motion for purposes of Rule 1100.

properly presumed that the commencement of the suppression hearing before the run date satisfied the requirements of Rule 1100.

■■■ An order denying a motion for a continuance to secure the presence of a necessary witness has the same practical effect of an order suppressing or excluding evidence. We believe that the filing of a *Dugger* certification is a sufficient safeguard to prevent the Commonwealth from filing appeals to delay a trial when a court has denied a motion to continue.

We reject Matis' assertion that we should preclude the Commonwealth from appealing orders denying continuances because the Commonwealth could circumvent the trial court's ruling by filing frivolous appeals. In *Malinowski*, the trial court granted the defendant's motion to suppress the results of a breathalyzer test in a DUI prosecution. The Commonwealth filed a notice of appeal to the Superior Court, but before the deadline for filing its brief, the Commonwealth withdrew its appeal and attempted to continue with its case. The Commonwealth did not certify in its notice of appeal that the suppression order effectively terminated or substantially handicapped its prosecution pursuant to *Dugger*.

The defendant subsequently filed a motion to dismiss alleging that the Commonwealth had failed to bring him to trial within the time period mandated by Rule 1100. The trial court granted the motion to dismiss because the Commonwealth failed to properly certify the pre-trial appeal. In addition, the trial court found that the Commonwealth's appeal "was nothing more than a tactical maneuver designed to obtain another continuance." *Malinowski*, at 361, 671 A.2d at 680. The Superior Court reversed the trial court and remanded the case for trial.

This Court reversed the Superior Court, holding that while it is true that an appeal by the Commonwealth of a suppression court ruling is appealable as a matter of right, it is so only if the Commonwealth certifies that the ruling terminates or

substantially handicaps the prosecution. This Court stated the following in *Malinowski:*

> Without the certification, the Commonwealth has no right to appeal. Without a right to appeal, it must be said that the Commonwealth failed to exercise due diligence by filing the appeal.

*Id.* at 358, 671 A.2d at 678 (citations omitted). Accordingly, we held in *Malinowski* that the Commonwealth's failure to comply with the *Dugger* certification rendered the trial court's suppression order unappealable.

This case is clearly distinguishable from *Malinowski* because the Commonwealth certified in its notice of appeal to the Superior Court that the trial court's Order denying its motion for a continuance substantially handicapped the prosecution pursuant to *Dugger.* Moreover, the trial court rejected Matis' claim that the Commonwealth acted in bad faith when it filed the appeal. Its pre-trial appeal was therefore valid because the Order appealed from is sufficiently similar to a suppression order to justify an appeal from it pursuant to the rationale of *Dugger* and its progeny.

Thus, pursuant to *Jones II,* the Commonwealth was duly diligent when it filed its pre-trial appeal containing a certification that the denial of its motion for a continuance terminated or substantially handicapped the prosecution. Accordingly, the trial court erred when it discharged the prosecution against Matis.

## CONCLUSION

For the foregoing reasons, we affirm the Order of the Superior Court and we remand this case to the Court of Common Pleas of McKean County for trial.

CAPPY, J., files a dissenting opinion in which ZAPPALA and NIGRO, JJ., join.

CAPPY, Justice, dissenting.

I respectfully dissent from the Majority's determination that an order denying a motion for continuance filed by the Commonwealth is sufficiently similar to an order granting suppression of evidence so as to permit an interlocutory appeal therefrom based solely on the Commonwealth's assertion that the order substantially handicaps the prosecution. *See, Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985). Contrary to the position of the Majority, I do not believe that the filing of a *Dugger* certification is a sufficient safeguard to prevent the Commonwealth from filing appeals simply to delay trial where, as here, the trial court has denied the Commonwealth's motion to continue.

The Majority's decision to permit an interlocutory appeal from an order denying a motion to continue trial upon the bald assertion of a *Dugger* certification transcends this court's holding and reasoning in *Dugger* to a degree that I cannot countenance. In *Dugger,* this court's reasoning for permitting interlocutory appeals from suppression orders was made clear:

From the point of view of the Commonwealth, two possible situations may arise: (a) the order of suppression will result in a termination and conclusion of the prosecution or (b) while the order of suppression will not result in a termination or conclusion of the prosecution, it will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present *all* its available evidence. In the first situation, the element of finality inherent in the order of the suppression is apparent and sufficient to render the order appealable. In the second situation, although the element of finality in the order is not so apparent it is nevertheless present. Without a right of appeal in the Commonwealth in the second situation, the Commonwealth is completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression which forces the Commonwealth to trial without *all* of its evidence. The evidence suppressed may well mark the difference between success and failure in the prosecution; to deny the Commonwealth its only oppor-

tunity of securing an appellate review to determine whether the evidence was properly suppressed is highly unfair to the Commonwealth and the interests of society which it represents.

*Dugger*, 506 Pa. at 544–45, 486 A.2d at 385–86 (citing *Commonwealth v. Bosurgi*, 411 Pa. 56, 63, 190 A.2d 304, 308 (1963)(*emphasis in the original* )). Thus, in recognition of the practical effects that an order suppressing evidence may have on the prosecution, the majority of the court in *Dugger* rendered permissible an appeal of a *suppression order* upon a good faith certification by the Commonwealth that the suppression order substantially handicaps its prosecution. The court specifically noted, however, that "[s]uch certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Dugger*, 506 Pa. at 547, 486 A.2d at 386.

Given these reasons as expressed in *Dugger* for permitting an appeal from an order of suppression, I think it a leap of faith to extend the class of orders from which a *Dugger* certification will suffice; especially to include therein orders such as the instant one which can be classified as none other than an order designed to delay trial irrespective of the good or bad faith of the Commonwealth in so certifying. As the above-recited portions of *Dugger* make clear, this court was acutely aware of the undesirable consequences of permitting unfettered *Dugger* certifications from all orders entered adversely to the Commonwealth.[1] In short, I think the certification represents an unwarranted extension of *Dugger*.

Since I find the order denying the Commonwealth's motion to continue to be a non-appealable interlocutory order, I would also conclude that, pursuant to Pa.R.App.P. 1701(b)(6), the

1. Moreover, the rules providing for interlocutory appeals by permission upon certification of the trial court adequately protect all the parties in circumstances such as the present. *See* 42 Pa.C.S. § 702(b); Pa.R.App. 312, 1301–1323. Under those rules the Commonwealth would carry the burden of demonstrating the necessity for an interlocutory appeal from the order denying the continuance. To allow the Commonwealth on its own initiative to by-pass these rules by self-certifying such interlocutory appeals would not only run afoul of *Dugger*, but also circumvent the rules respecting interlocutory appeals.

trial court was not divested of jurisdiction of the matter upon the filing of the Commonwealth's appeal from that order and Rule 1100 continued to run. The running of Rule 1100 was not tolled during that period of time which elapsed during the Commonwealth's appeal for the further reason that the trial court explicitly found that the Commonwealth failed to exercise due diligence in bringing Appellee to trial. Finally, I do not believe that *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981) is dispositive of the issue presented *sub judice* as that case involved an order suppressing evidence which, as noted above, is significantly different than the order here appealed. Hence, I would agree with the trial court's ultimate conclusion that the charges be dismissed under Rule 1100 and would, thus, reverse the decision of the Superior Court.

ZAPPALA and NIGRO, JJ., joins this Dissenting Opinion.