**Commonwealth v. Key**

*Rosalynda Michetti* and *Adrian Schuka,* for Commonwealth.

*Vanessa Bellino* and *Eric J. Taylor,* for defendant.

PARISI, *J.,* August 19, 2008—On January 30, 2008, a jury convicted Narada A. Key (defendant) of two counts each of possession with intent to deliver a controlled substance, delivery of a controlled substance, possession of a controlled substance, and criminal use of a communication facility. 35 P.S. §§780-113(a)(30), 780-113(a)(16); 18 Pa.C.S. §7512(a). On February 19, 2008, the defendant received an aggregate sentence of six to 12 years of incarceration. Following the timely filing of a notice of appeal, the defendant raised the following issues for appellate review:

(1) The suppression court erred in denying the appellant's motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 in that the trial court found that the Commonwealth had used due diligence in finding and apprehending the defendant where the weight of the documented physical evidence is to the contrary.

(2) The suppression court erred in denying the defendant's motion to suppress evidence derived from illegal electronic surveillance because under the totality of the circumstances the consent of the informant was coerced and was not voluntarily given.

In December 2005, Trooper Taylor and Corporal Millhouse of the Pennsylvania State Police recruited Matthew McCleary, a criminal defendant, to conduct controlled buys of drugs from the defendant while under electronic surveillance. McCleary was promised

nothing in exchange for his participation. Neither Trooper Taylor nor Corporal Millhouse threatened Mc-Cleary to coerce participation. In approving the use of electronic surveillance equipment, Senior Deputy Attorney General Kishan Nair personally communicated with McCleary to verify that he was acting voluntarily and had not been coerced. Based upon this communication and McCleary's apparent volition, Nair approved the use of electronic surveillance equipment.

Having obtained evidence against the defendant, Trooper Taylor delayed in charging the defendant with drug crimes while the defendant helped them with investigations. However, he warned the defendant to stay in touch with the state police or charges would be filed. When the defendant failed to stay in contact with Trooper Taylor, Trooper Taylor filed a criminal complaint and attempted to arrest the defendant at his last known residence on February 2, 2006. Trooper Taylor eventually tracked down the defendant on August 21, 2006, in Berks County Prison.

In the intervening period, Trooper Taylor visited the defendant's last known address at least twice, until being told that the defendant no longer lived there by its resident, the defendant's ex-girlfriend. She alleged to Trooper Taylor that she did not know the defendant's whereabouts. Trooper Taylor tried to call the defendant. He registered the defendant with the National Crime Information Center (NCIC), which is designed to alert anyone detaining the defendant of the outstanding warrant against him. Trooper Taylor also tried to find the defendant by driving by Reading Area Community

College (RACC) at an hour when he thought the defendant started class. He then attempted to find the defendant's RACC class schedule, only to be told that the defendant was not then taking classes. In March, he passed the defendant's picture around to a large group of Pennsylvania State Police and asked them to let him know if they became aware of the defendant's whereabouts. Finally, Trooper Gallagher discovered and informed Trooper Taylor that the defendant was in Berks County Prison on August 21, 2006, and a detainer was lodged against the defendant in relation to this matter.

The defendant first contests this court's finding that the Commonwealth exercised due diligence in its efforts to locate and apprehend the defendant. Under Rule 600 of the Pennsylvania Rules of Criminal Procedure, criminal defendants merit release where the Commonwealth fails to bring trial within 365 days of the filing of the criminal complaint. Pa.R.Crim.P. 600(A)(3). However, where the Commonwealth exercises due diligence in its attempts to apprehend a defendant, the time between the filing of the information and apprehension are not counted in the 365 days. Pa.R.Crim.P. 600(B)(1). The Commonwealth bears the burden of proving that its efforts to bring a defendant to trial were reasonable and diligent. *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12 (1998). However, the Commonwealth must only show by preponderance of the evidence that it expended a reasonable effort in apprehending the defendant in order to meet its burden. *Commonwealth v. Hill*, 558 Pa. 238, 736 A.2d 578 (1999); *Commonwealth v. Selenski*, 919 A.2d 229, 234 (Pa. Super. 2007) (quoting *Commonwealth v. Jones*,

886 A.2d 689, 700 (Pa. Super 2005)). The Superior Court will not upset a trial court's decision pursuant to Rule 600 absent an abuse of discretion. *Commonwealth v. Hill,* 558 Pa. 238, 244, 736 A.2d 578, 581 (1999) (citing *Commonwealth v. Matis,* 551 Pa. 220, 227, 710 A.2d 12, 15 (1998)).

Because of this court's finding of due diligence, the time between the filing of the complaint on February 2, 2006 and the serving of the defendant with his arrest warrant in Berks County Prison on August 21, 2006 was not counted against the Commonwealth and the Commonwealth was found not to have violated Rule 600. This finding was justified because the Commonwealth showed reasonable, diligent efforts to apprehend the defendant. *Hill,* 558 Pa. at 256, 736 A.2d at 588. Trooper Taylor tried to find the defendant at home on multiple occasions. He tried calling the defendant and visiting the defendant's school. He registered the defendant with NCIC and passed a photo of the defendant to other troopers. Under the circumstances, this was a reasonable level of effort for Trooper Taylor to expend in finding the defendant.

Trooper Taylor met the standard even though he neglected a number of possible avenues for finding the defendant's whereabouts. For purposes of Rule 600, due diligence must be judged by what was done by the authorities rather than by what was not done. *Commonwealth v. McNear,* 852 A.2d 401 (Pa. Super. 2004). Moreover, for the Commonwealth to prove due diligence, it need not show that it exercised "perfect vigilance and punctilious care." *Jones,* 886 A.2d at 700.

Because Trooper Taylor made several attempts to find the defendant, pursuing various, albeit not all, avenues of investigation, and ultimately asking the help of many of his colleagues, this court found that he met the standard of due diligence.

The defendant next contends that this court erred in finding that the confidential informant participated voluntarily in the electronic surveillance of the defendant. Trooper Taylor and Corporal Millhouse subjected the informant to neither threats nor promises of reward. Senior Deputy Attorney General Kishan Nair personally verified the lack of coercion in his communication with the informant. Finally, the informant continued to attest to the voluntary nature of his participation at both the pretrial hearing and at trial. Therefore, contrary to the defendant's assertion, the totality of circumstances support this court's finding that the informant acted voluntarily.

For the foregoing reasons, it is respectfully requested that the defendant's appeal be denied.