J-S17007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIUS BUTLER, | |
| Appellant | No. 3161 EDA 2016 |

Appeal from the PCRA Order Entered June 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-10301932-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 21, 2018**

Appellant, Julius Butler, appeals *nunc pro tunc* from the post-conviction court's June 11, 2015 order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

Following a jury trial in August of 2008, Appellant was convicted of possession with intent to deliver, based on evidence that two undercover officers witnessed him conduct a drug sale of heroin.  On September 30, 2008, Appellant was sentenced to 85 to 176 months' incarceration, and a $1,000 fine.  He filed a timely direct appeal, and after this Court affirmed, our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Butler***, 24 A.3d 464 (Pa. Super. 2011), *appeal denied*, 26 A.3d 482 (Pa. 2011).

On September 19, 2011, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf, claiming, *inter alia*, that trial counsel had been ineffective for not filing a Pa.R.Crim.P. 600 motion to dismiss Appellant's case. Thereafter, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a response, and on June 11, 2015, the court issued an order dismissing his petition. Appellant did not file an appeal.

However, on February 3, 2016, Appellant filed a *pro se* PCRA petition seeking the reinstatement of his right to appeal from the June 11, 2015 order. Ultimately, the PCRA court granted that petition by order entered September 19, 2016. Appellant thereafter filed the present, *nunc pro tunc* appeal from the court's June 11, 2015 order. Herein, he presents one issue for our review: "Was trial counsel ineffective in failing to file and litigate a Rule 600 motion to dismiss where Appellant's trial was held months after the run date in violation of Rule 600 and Appellant's right to a speedy trial?" Appellant's Brief at 3.

We begin by noting that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

- 2 -

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S. § 9543(a)(2)(ii).  "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita,* 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland*[ *v. Washington*, 104 S.Ct. 2053 (1984)]).  In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry.  *See* [*Commonwealth v.*] *Pierce,* [515 Pa. 153, 527 A.2d 973 (Pa. 1987)].  Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali,* 608 Pa. 71, 86, 10 A.3d 282, 291 (2010).  "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson,* [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted).  Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests.  *See Ali, supra*.  Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita,* 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted).  To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King,* 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted).  "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'"  *Ali,* 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins,* 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant contends that his trial counsel acted ineffectively by not filing a Rule 600 motion to dismiss his case. In regard to Rule 600, this Court has explained:

> As the text of Rule 600(A) makes clear, the mechanical run date comes 365 days after the date the complaint is filed. We then calculate an adjusted run date pursuant to Rule 600(C). Rule 600(C) expressly provides that certain time periods are to be excluded from the calculation of the Rule 600 run date. Our Courts have referred to the time periods specified in Rule 600(C) as "excludable time."
>
> Pursuant to Rule 600(A) and (C), we calculate the mechanical and adjusted run dates as follows:
>
>> The mechanical run date is the date by which the trial must commence under [Rule 600]. It is calculated by adding 365 days (the time for commencing trial under [Rule 600]) to the date on which the criminal complaint is filed. As discussed herein, the mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.
>
> If the defendant's trial commences prior to the adjusted run date, we need go no further.

***Commonwealth v. Ramos***, 936 A.2d 1097, 1101–02 (Pa. Super. 2007) (internal citations omitted). We also note that, in calculating the adjusted run date, we

> must account for any "excludable time" and "excusable delay." Excludable time is delay that is attributable to the defendant or his counsel." ***Commonwealth v. Matis***, 551 Pa. 220, 710 A.2d 12, 16 (1998). Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. … ***Ramos***, 936 A.2d [at] 1102….

***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013).

- 4 -

In the present case, Appellant states that the mechanical run date for his trial to commence was March 18, 2007. **See** Appellant's Brief at 10. His trial did not start until August 21, 2008. However, Appellant concedes that the following periods of time were excludable delay attributable to the defense: from September 16, 2006 to November 8, 2006 (53 days);[1] from September 6, 2007 until November 20, 2007 (75 days); and from January 23, 2008 until the "next court date in August[,]" which was August 5, 2008 (195 days). **Id.** at 11. Adding these 323 excludable days to the mechanical run date results in an adjusted run date of February 4, 2008, well before Appellant's trial commenced on August 21, 2008.

However, Appellant fails to acknowledge two other periods of time ruled excludable/excusable by the trial court. First, Appellant does not discuss the 85 days between January 22, 2007 and April 17, 2007, when the docket indicates that the case was delayed due to Appellant's desire to retain private counsel. The trial court deemed these days excludable, and Appellant does not offer any argument that this decision was erroneous.

Second, the trial court's docket indicates that on April 17, 2007, the case was again delayed because Appellant wished to retain private counsel, and the time was ruled excludable. The next court date was June 12, 2007, when the case was continued because the trial court was presiding over another trial and, thus, was unavailable. This time was deemed excusable

---

[1] Appellant incorrectly states that this time-period amounts to 63 days. **See** Appellant's Brief at 11.

delay. The next court date was September 6, 2007. Appellant does not articulate why this 142-day delay from April 17, 2007 until September 6, 2007, was improperly ruled excludable/excusable by the trial court.

Adding this excludable/excusable time of 85 and 142 days (or a total of 227 days) brings Appellant's adjusted run date to September 18, 2008, nearly one month *after* his trial began on August 21, 2008. Accordingly, Appellant has failed to demonstrate that his Rule 600 claim has arguable merit, and we discern no error in the PCRA court's denial of his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/18