J-S73021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD FOWLER, | |
| Appellant | No. 539 WDA 2018 |

Appeal from the PCRA Order Entered March 21, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0012800-2015
CP-02-CR-0012801-2015
CP-02-CR-0012808-2015
CP-02-CR-0014452-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:            FILED JANUARY 23, 2019

Appellant, Edward Fowler, appeals from the post-conviction court's March 21, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was charged with various offenses in four separate cases, which were consolidated prior to trial. Ultimately, he entered guilty pleas in each case and was sentenced to an aggregate term of 2 to 10 years' incarceration, followed by 5 years' probation. He did not file a direct appeal.

Appellant thereafter filed a timely PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf, alleging that Appellant's trial counsel acted ineffectively by not filing a Pa.R.Crim.P.

600 motion to dismiss. The Commonwealth filed an answer to Appellant's petition. On February 27, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not respond, and on March 21, 2018, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The court issued a Rule 1925(a) opinion on July 5, 2018. Herein, Appellant raises one question for our review:

> 1. Did the [PCRA] court err in denying Appellant's PCRA petition without an evidentiary hearing since trial counsel was ineffective for failing to move for dismissal after the Commonwealth violated the Rules of Criminal Procedure?

Appellant's Brief at 3 (unnecessary capitalization omitted).

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Morales, 701 A.2d 516, 520 (Pa. 1997) (citing Commonwealth v. Travaglia, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

- 2 -

"Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [Commonwealth v.] Colavita, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing Strickland[ v. Washington, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the Strickland performance and prejudice test into a three-part inquiry. See [Commonwealth v.] Pierce, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. Commonwealth v. Ali, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." Commonwealth v. Simpson, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. See Ali, supra. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Colavita, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Commonwealth v. King, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" Ali, 608 Pa. at 86–87, 10 A.3d at 291 (quoting Commonwealth v. Collins, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052)).

Commonwealth v. Spotz, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant contends that his trial counsel acted ineffectively by not filing a motion to dismiss under Rule 600. That rule states, in pertinent part:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600.

In regard to this rule, our Court has clarified that:

To determine whether dismissal is required under Rule 600, a court must first calculate the "mechanical run date," which is 365 days after the complaint was filed. Commonwealth v. McNear, 852 A.2d 401 (Pa. Super. 2004). Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Pa.R.Crim.P. 600(C). Case law also provides that a court must account for any "excludable time" and "excusable delay." Excludable time is delay that is attributable to the defendant or his counsel. Commonwealth v. Matis, 551 Pa. 220, 710 A.2d 12, 16 (1998). Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. Commonwealth v. Ramos, 936 A.2d 1097, 1102 (Pa. Super. 2007).

Commonwealth v. Goldman, 70 A.3d 874, 879 (Pa. Super. 2013).

Here, in arguing that Rule 600 was violated and, thus, his trial counsel should have moved to dismiss the charges on that basis, Appellant initially explains:

> The Sentencing Order specifically refers to OTN G722879-3 and G724032-1, or CP-02-CR-0012801-2015 (hereinafter "12801") and CP-02-CR-0014452-2015 (hereinafter "14452"). The written criminal complaint at "12801" was filed on September 21[], 2015. Its 365-day limit ended September 21[], 2016. The written criminal complaint at "14452" was filed on October 6[], 2015. Its 365-day limit ended October 6[], 2016. The final disposition took place on December 6[], 2016. As December 6th takes place after either September 21st or October 6th, the rule was violated, and the Commonwealth was estopped from proceeding.

Appellant's Brief at 12.[1] Appellant then goes on to claim that certain defense continuances — which typically constitute excludable time — should be attributed to the Commonwealth instead of the defense, thus demonstrating

_____

[1] Notably, Appellant makes no mention of his cases docketed at CP-02-CR-0012800-2015 and CP-02-CR-0012808-2015. He also did not specifically address either of these two cases in his counseled, amended PCRA petition, instead setting forth language identical to that quoted supra. See Amended PCRA Petition, 1/19/18, at 12. The Commonwealth contends that Appellant has therefore waived any Rule 600 issue pertaining to the two cases docketed at CP-02-CR-0012800-2015 and CP-02-CR-0012808-2015. See Commonwealth's Brief at 10. We agree. See Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted).

that Rule 600 was violated and his trial counsel should have moved to dismiss. Id. at 12-18.

We need not address Appellant's specific arguments regarding the excludable time, as the record demonstrates that there was no violation of the mechanical run dates in cases 12801 and 14452. Contrary to Appellant's argument, the "final disposition" in those cases for Rule 600 purposes did not occur on December 6, 2016; instead, in both cases, Appellant pled guilty on August 9, 2016, and was merely sentenced on December 6, 2016.[2] See Pa.R.A.P. 600(A)(1) (stating that the "trial shall be deemed to commence on the date … the defendant tenders a plea of guilty"). Consequently, because Appellant pled guilty before the mechanical run dates in both of the cases that he challenges herein, there was no violation of Rule 600. As "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim," the PCRA court did not err in denying Appellant's petition.[3] Commonwealth v. Spotz, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted).

_____

[2] Appellant did plead guilty on December 6, 2016, in one of his four cases - specifically, CP-02-CR-0012800-2015. Again, however, he fails to raise any Rule 600 issue regarding that case; instead, his petition asserted - and he reiterates herein - Rule 600 issues only in cases 12801 and 14452.

[3] While the PCRA court denied Appellant's petition on different grounds, "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." Commonwealth v. Hutchins, 760 A.2d 50, 54 (Pa. Super. 2000) (citing Commonwealth v. Pursell, 749 A.2d 911, 917 (Pa. 2000); Commonwealth v. Ahlborn, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2019