J-A27043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS TINSEL | |
| Appellant | No. 266 EDA 2020 |

Appeal from the PCRA Order entered December 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008735-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS TINSEL | |
| Appellant | No. 268 EDA 2020 |

Appeal from the PCRA Order entered December 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008737-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS TINSEL | |
| Appellant | No. 269 EDA 2020 |

Appeal from the PCRA Order entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008749-2015

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

DENNIS TINSEL

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 271 EDA 2020

Appeal from the PCRA Order entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008751-2015

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

DENNIS TINSEL

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 272 EDA 2020

Appeal from the PCRA Order entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008753-2015

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

DENNIS TINSEL

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 273 EDA 2020

Appeal from the PCRA Order entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008755-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS TINSEL | |
| Appellant | No. 274 EDA 2020 |

Appeal from the PCRA Order entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008757-2015

BEFORE: STABILE, J., NICHOLS, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY STABILE, J.: **FILED: FEBRUARY 26, 2021**

In this appeal, Appellant asserts ineffectiveness of appellate counsel to raise a Rule 600(A) violation on direct appeal. I concur fully in the Majority's decision finding no merit to this claim, but write separately to address the Majority's rationale that concludes Appellant is not entitled to PCRA relief on his Rule 600 claim because any arguable discovery delay attributable to the Commonwealth "is well below the 365-day threshold under Pa.R.Crim.P. 600(A)." Majority Memorandum at 12. While I believe this statement may be true, it is my opinion this summary rationale may be misleading, as it

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

suggests a Rule 600 violation cannot be found where delays attributable to the Commonwealth are less than 365 days. The appropriate focus now is to exclude all delays, except for those where the Commonwealth has not acted diligently, when calculating whether a Rule 600 violation has occurred.

Reflecting 2013 amendments to Rule 600, our Supreme Court recently set forth how the time under Rule 600 is to be calculated.

> By the terms of Rule 600, the Commonwealth must bring a defendant to trial within 365 days from the date upon which a written criminal complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). However, the Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." *Id.* 600(C)(1). "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." *Id.* When considering a Rule 600 motion, the court must identify each period of delay and attribute it to the responsible party, then adjust the 365-day tally to arrive at the latest date upon which the Commonwealth may try the defendant. Absent a demonstration of due diligence, establishing that the Commonwealth has done "everything reasonable within its power to guarantee that [the] trial begins on time," *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 17 (1998), the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

*Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018). Prior to 2013, Rule 600 required that both "excludable" and "excusable" time be considered to arrive at an adjusted run date by which a defendant must be brought to trial. *Commonwealth v. Ramos*, 936 A.2d 1097 (Pa. Super. 2007).

- 4 -

"Excludable" time under former Rule 600(C) only included delay imputed to the defense. *Id.*; *see also Commonwealth v. Lynn*, 815 A.2d 1053 (Pa. Super. 2003) (judicial delay not included in excusable delay under Rule 600(C)); *Matis*,[1] *supra*. We fashioned the doctrine of "excusable" delay under former Rule 600(G) (now repealed) as a legal construct to take into account delays that occurred because of circumstances beyond the Commonwealth's control despite its due diligence. *Ramos*, 936 A.2d at 1102. The time under which a defendant had to be tried under former Rule 600 employed three steps: first, a 365 day mechanical run date was calculated. Second, excludable time was added, if any, to this date to arrive at an adjusted run date. If trial took place after the adjusted run date, we then engaged in a third step whereby we examined whether there were further delays outside the control of the Commonwealth that were not the result of a lack of diligence. This excusable time then was added to the adjusted run date to produce a final Rule 600 run date. If the Commonwealth did not bring a defendant to trial before that final run date, the trial court then was obliged to dismiss the charges.

Amendments in 2013 simplified Rule 600(C) by eliminating any attempt to identify all possible times that could be considered "excludable" delay. In its place, Rule 600(C)(1) now simply provides that "periods of delay at any

---

[1] Decided under former Rule 1100, before rule was renumbered to Rule 600 in 2000.

stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence" . . . and that "any other periods of delay shall be excluded from the computation."  The time periods formally delineated as excludable time under Rule 600(C) now are simply examples of excluded time.  *See* Pa.R.Crim.P. 600 *cmt*.  Therefore, generally speaking, to determine if a violation of Rule 600 has occurred, we simply exclude all periods of delay, except for those chargeable to the Commonwealth where it has failed to act diligently, from the applicable date to determine whether a defendant has been brought to trial within the time limits of Rule 600.

The Majority notes that on June 22, 2015, the Commonwealth charged Appellant with seven different crimes, resulting in a Rule 600 mechanical run date for trial of June 21, 2016.[2]  Appellant filed a Rule 600 motion on September 23, 2016, that the trial court denied on October 21, 2016, a date

_____

[2] Appellant in his brief states that he turned himself into police on July 7, 2015 and was formally charged on that same date, thereby establishing a trial date of July 7, 2016.  Appellant's Brief at 22, 24.  The period of time between the filing of a written complaint and a defendant's arrest is excluded, provided the defendant could not be apprehended because his whereabouts were unknown or could not be determined by due diligence from the computation of a Rule 600 trial date.  While Appellant suggests that the date he turned himself in establishes the time from which Rule 600 is calculated, it is not clear whether this delay was the result of his whereabouts being unknown or not being able to be determined by due diligence.  For purposes of my analysis, I assume the more conservative date stated by the Majority.

122 days beyond the June 21, 2016 mechanical run date.[3]  On April 4, 2016, however, co-defendant's counsel requested a continuance that the trial court granted.[4]  The trial date of April 4, 2016 was rescheduled to September 26, 2016, a period of 175 days, which equates to more than five months' delay. When this delay alone is deducted from the October 21, 2016 denial of Appellant's Rule 600 motion (which assumes without deciding that the Commonwealth is responsible for all other delays), Appellant still was tried within 365 days of June 22, 2015, as required under Rule 600.[5]  We need not proceed further to deduct any other periods of delay to reject Appellant's claim.  Appellant therefore, cannot demonstrate that his ineffectiveness claim possesses arguable merit to entitle him to PCRA relief.

---

[3] As noted by the Majority, Appellant only takes issue with the time period prior to the trial court's denial of his Rule 600 Motion on October 21, 2016. Appellant filed his Rule 600 motion on September 23, 2016, claiming a violation of his right to a speedy trial as of that date.  We reach the same result here even if we use the later date of the motion denial.

[4] The entirety of Appellant's argument in his brief on this particular delay is "that the Commonwealth did not inform the court that the trial date given on April 4, 2016, would violate speedy trial rules is a lapse in exercising due diligence."  Appellant Brief at p.24.  The record reflects that when the Rule 600 motion was argued, the trial court determined the delay from April 4, 2016 to October 21, 2016, was due to court listing time that was excludable under Rule 600(A).  N.T. Hearing, 10/21/2016, at 9.

[5] June 22, 2015 to October 21, 2016 is 487 days.  Deducting 175 days from this total results in 312 days, well below the 365 days in which a defendant must be tried under Rule 600.