673 A.2d 866

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas C. GORDON, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1996.

Decided March 28, 1996.

514

516

Michael Dennehy, Danville, for Thomas Gordon.

Mary Benefield Seiverling, Robert A. Graci, Harrisburg, Hugh J. Burns, Jr., Philadelphia, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On June 21, 1993, Thomas C. Gordon, an attorney, was charged in Montour County with two counts of indecent assault in violation of 18 Pa.C.S. § 3126(a)(1). He had been convicted of similar assaults in Columbia County. After hearing on December 29, 1993, the trial court granted Gordon's motion *in limine* to exclude evidence of Gordon's similar conduct in the Columbia County cases. However, the court also noted that transcripts of the Columbia County cases were unavailable and that if the Commonwealth could show a common scheme, plan, design, intent or motive, it would consider an offer at trial, presumably based on transcripts which would then be available.

Thereafter, the Commonwealth obtained transcripts of what it deemed relevant portions of the Columbia County trial and filed a motion for allowance of this testimony in order to show common scheme, plan, and design. The trial court denied the motion. The Commonwealth then certified that the order denying admission of the Columbia County matter substantially handicapped its prosecution of the case and appealed to Superior Court.

Superior Court reversed, holding that the evidence at issue was part of a common scheme, plan, or design and that any prejudice could be tempered through appropriate jury instructions. One judge, dissenting, would have quashed the appeal on the theory that the rule of *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992) has no application to *in limine* rulings on the admissibility of evidence where the Commonwealth is given an opportunity to represent its evidence at trial. In *Cohen* we stated:

> In summary, we hold that the Commonwealth may appeal pretrial orders which exclude evidence and have the effect of terminating or substantially handicapping the prosecution, in the same manner that the Commonwealth may appeal pretrial suppression orders.

529 Pa. at 564–65, 605 A.2d 1212. Gordon petitioned for allowance of appeal and we granted allocatur in order to reconsider the rule in *Cohen.*[1]

▮ Gordon's first claim is that there is a distinction between orders which grant or deny motions *in limine* to admit or exclude evidence and suppression rulings. Gordon also echoes the concerns of Mr. Justice Cappy, concurring in *Cohen,* that some motions *in limine* to admit or exclude evidence require evidentiary rules "based upon the trial court's inherent authority to control the admission of evidence at trial," and that appeals such as this implicate the defendant's right to a speedy trial and will cause defense counsel to avoid motions *in limine* altogether.

We remain unpersuaded by these arguments. There is no essential difference between suppression rulings and rulings on motions *in limine* to admit or exclude evidence. In both cases, a pretrial ruling is handed down which admits or excludes evidence at trial, and in both cases, once a jury is sworn, the Commonwealth may not appeal from an adverse ruling. That suppression motions are always of constitutional dimension and motions *in limine* are only sometimes of consti-

1. *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992) was a plurality decision of this court.

tutional dimension is of no import, for in both cases, without an immediate right of review, the Commonwealth's case may be so hampered that the Commonwealth may be unable to proceed.

As to the claim that the trial court is in a unique position to decide motions *in limine* for the admission or exclusion of evidence, while this may be true, it is also true that the appellate court has whatever record the trial court used to make its decision. If the record is insufficient to make an appellate decision, it would also have been insufficient for the trial court to make a decision, and presumably the appellate court would remand the case appropriately.

■ Concerning speedy trial rights, while it is obvious that appeal of a pretrial order will cause a delay in the trial, the issue is not whether there is a delay, but the weight of the competing interests. Here, the competing interests are promptitude versus a considered determination of whether the Commonwealth has had a fair opportunity to put on its best case. In our view, to preclude an immediate review of a pretrial ruling that would terminate or substantially handicap the Commonwealth's case would be a harm that far outweighs the benefit to the defendant of securing a more speedy trial.

■ Next, Gordon argues that the Commonwealth was obligated to make an offer of proof of its evidence, presumably at trial, instead of taking a direct appeal to Superior Court. Presumably, this argument is based on the trial court's statement that it would reconsider its grant of the motion *in limine* upon presentation of an offer of proof in which testimony from previous trials was available. In short, Gordon asserts that when the trial court grants a motion *in limine* to exclude evidence but states that it will reconsider its decision at trial, the matter must be presented for reconsideration at trial and it may not be appealed before that time.

We disagree. Once the jury is empaneled, jeopardy has attached and the Commonwealth may not appeal, with few exceptions, from any rulings or verdicts which occur after empanelment. To preclude pretrial appellate review whenev-

er a trial court agrees to reconsider at trial its pretrial ruling unfavorable to the Commonwealth would completely eliminate pretrial appellate review, for trial courts, presumably, may always reconsider pretrial evidentiary rulings. But we have already determined that fairness to the Commonwealth requires the right to appeal adverse pretrial rulings which exclude evidence the Commonwealth deems crucial to its case. This argument is without merit.

■ Finally, Gordon argues that even if the Commonwealth's appeal to Superior Court was properly allowed, it was error for that court to reverse the trial court on the issue of the admissibility of evidence tending to show a common scheme or plan. This court recently stated the law governing such evidence as follows:

> It is well established in this Commonwealth that evidence of distinct crimes is not admissible against a defendant being prosecuted for another crime solely to show his or her bad character and propensity for committing criminal acts. *Commonwealth v. Banks*, 513 Pa. 318, 349, 521 A.2d 1 (1987). This general rule nevertheless allows evidence of other crimes to be introduced to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others, or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. *Commonwealth v. Tedford*, 523 Pa. 305, 567 A.2d 610 (1989); *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981).

*Commonwealth v. Murphy*, 540 Pa. 318, 657 A.2d 927, 932 (1995).

In this case, Gordon is charged with two counts of indecent assault of a client, Robin Bower. Gordon has been convicted of three counts of indecent assault on three other women, each of whom was meeting with him on legal business at the time of

the assault. Superior Court summarized the similarities in the assaults as follows:

> Comparison of the conduct giving rise to the offenses in this case and the conduct in the Columbia County proceeding discloses the following similarities: (1) appellee strategically placed his female victims in a standing position for the ostensible purpose of reviewing court-related documents or matters; (2) while the victims were thus occupied and focused on the materials, appellee positioned himself behind the women and began rubbing his penis against their buttocks/thigh/legs; (3) despite their efforts to move away from appellee, appellee continued his conduct and followed the women about the table or desk until the victims were either able to sit down or leave, or a third-party interrupted; (4) the conduct occurred during the course of an attorney-client relationship with the victims, at a time when the victims were emotionally vulnerable and dependent upon appellee for advice and assistance with their legal problems; (5) the incidents occurred while the women were alone with the appellee; (6) the victims were fearful of resisting or advising anyone of this behavior because they did not want to jeopardize either their own case or appellee's representation of their husband or boyfriend and (7) the offenses here occurred less than one year before the Columbia County incidents.

*Commonwealth v. Gordon*, 438 Pa.Super. 166, 179, 652 A.2d 317, 323 (1994).

It is apparent that Gordon's conduct in the Columbia County case is relevant to prove motive, intent, absence of mistake or accident, and a common scheme or plan embracing the commission of two crimes so related to each other that proof of one tends to prove the others.

■ Having concluded that evidence of the Columbia County crimes tends to prove the commission of the crimes in this case, it remains to consider whether evidence of Gordon's conduct in the Columbia County case would be unduly prejudicial. As this court stated in *Commonwealth v. Billa:*

[A]dmissibility of evidence is a matter addressed to the sound discretion of the trial court and an appellate court may only reverse rulings on admissibility upon a showing that the lower court abused its discretion. *Commonwealth v. Claypool*, 508 Pa. 198, 202, 495 A.2d 176, 178 (1985). As with any evidentiary ruling, the trial court should balance the relevancy and evidentiary need for the evidence of distinct crimes against the potential for undue prejudice. 521 Pa. 168, 177–78, 555 A.2d 835, 840 (1989).

■ Whether relevant evidence is unduly prejudicial is a function in part of the degree to which it is necessary to prove the case of the opposing party. Here, the Commonwealth was required to prove that a non-consensual touching occurred, the purpose of which was sexual gratification.[2] Gordon denies that the touching occurred, and since the uncorroborated testimony of the alleged victim in this case might reasonably lead a jury to determine that there was a reasonable doubt as to whether Gordon committed the crime charged, it is fair to conclude that the other crimes evidence is necessary for the prosecution of the case.

Without doubt, the other crimes evidence would be prejudicial to Gordon. That is what it is designed to be. On the facts of this case, however, it is not *unduly* prejudicial, as it is required for the Commonwealth's case. It was an abuse of discretion for the trial court to deny the Commonwealth's motion for the admission of this evidence.

Order of Superior Court is affirmed.

CAPPY, J., files a dissenting opinion which is joined by ZAPPALA and NIGRO, JJ.

**2.** The crime of indecent assault, in relevant part, requires the following elements:

> A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him, is guilty of indecent assault if:
> (1) he does so without the consent of the other person.

18 Pa.C.S. § 3126(a)(1). Section 3101 defines "indecent contact" as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101.

522

CAPPY, Justice, dissenting.

I dissent from the decision of the Majority for the following reasons. Initially, for all the reasons set forth in my concurring opinion as well as the concurring opinion of Mr. Justice Zappala in *Commonwealth v. Cohen*, 529 Pa. 552, 605 A.2d 1212 (1992), I disagree with the Majority's continued adherence to the notion that the Commonwealth has an absolute right of appeal from an adverse pretrial ruling excluding certain evidence favorable to the Commonwealth. Further, even assuming that the Commonwealth is permitted such interlocutory appeals, I do not believe that, on the facts presented here, the Majority should have reached the issue regarding the admissibility of the other crimes evidence.

I continue to be concerned with the adverse effect that decisions such as that espoused by the Majority here will have on a defendant's constitutional right to a speedy trial. As I noted in my concurring opinion in *Cohen:*

The majority opinion [which allows the Commonwealth an absolute right of appeal from an adverse ruling on a motion *in limine* ] fails to take into account the right of a defendant to a speedy trial, instead focusing only on the right of the prosecution to present all its evidence. Rather than look only to the fact that the Commonwealth may be precluded from presenting all its available evidence, we should employ a balancing test in which a court, as opposed to the prosecution making an unilateral decision, will weigh the severity of the harm to the prosecution against the right of the defendant to have a speedy trial. The procedure currently in effect whereby the trial court may certify for appeal an order involving a controlling question of law as to which there is substantial ground for difference of opinion where an immediate appeal of that order may materially advance the ultimate determination of the matter, addresses both concerns. 42 Pa.C.S. § 702(b). To allow the Commonwealth the absolute right to appeal an order granting or denying a motion *in limine* will provide the prosecution a license to delay the case to the prejudice of the defendant

even where the evidence excluded may not be relevant to the prosecution.

*Id.* at 569, 605 A.2d at 1221.

Moreover, as I also noted in my concurring opinion in *Cohen, albeit* in much greater detail, I believe that the distinctions between a motion *in limine* and a suppression motion are significant and dictate that rulings thereon be treated differently with respect to their appealability. A motion *in limine* deals with the relevancy, probativeness and prejudice of a piece of evidence, a determination of which can rarely be gleaned outside the purview of the actual case. Most often, a motion *in limine* requires a preliminary ruling which is subject to change during the course of trial should the balance tip in favor of admission. Thus, most orders disposing of a motion *in limine* are not "final."

A suppression motion, on the other hand, is in no way dependent upon the relevancy of the subject evidence. Indeed, the evidence being suppressed has, in effect, already been deemed to be relevant. As such, absent the ability to immediately appeal a suppression ruling, the Commonwealth would be deprived of any meaningful appellate review of the validity of a ruling that excluded clearly relevant, and most likely crucial, evidence. Suppression orders then are clearly "final" for purposes of appeal because of the practical effects that an order suppressing relevant evidence has on a prosecution.

The Majority here employs a balancing test of sorts wherein it weighs the interest of the defendant in a speedy trial against the Commonwealth's interest in having a "fair opportunity to put on its best case," concluding that the harm suffered by the Commonwealth in precluding immediate review of adverse pretrial rulings "far outweighs" the concomitant benefit that a defendant may gain from such a practice. Majority op. at p. 518. The Majority goes on to conclude that "fairness to the Commonwealth requires the right to appeal adverse pretrial rulings which exclude evidence the Commonwealth deems crucial to its case." Majority op. at 519. While

I acknowledge the practical effect that a decision to the contrary may have insofar as it is possible that the Commonwealth may never receive appellate review of an adverse . evidentiary ruling rendered during trial, I remain unpersuaded that "fairness to the Commonwealth" should be the polestar. The objective in a criminal trial is not to permit admission of *all* of the evidence the Commonwealth so desires, but rather to provide a fair trial. In order to achieve a fair trial, it is the trial court's duty to assure that only relevant and admissible evidence is presented to the fact finder.

Additionally, I wish to re-emphasize a point made by both myself and Mr. Justice Zappala in our respective concurring opinions in *Cohen.* There, we both mused over the issue of whether, in light of the fact that preliminary evidentiary rulings were henceforth subject to an absolute right of interlocutory appeal, any sane defense counsel would ever again seek preliminary rulings on evidentiary issues by filing such motions *in limine.* The case *sub judice* exemplifies Mr. Justice Zappala's and my concern, and serves as a beacon to the defense bar.

Moreover, notwithstanding my disapproval of the proposition that the Commonwealth can appeal as of right any pretrial evidentiary ruling which is adverse to its prosecution, I believe that, on the facts presented in the case *sub judice,* the Commonwealth's motion was not even properly before the trial court and, as such, should not be considered by this Court on appeal. Contrary to the trial court's initial order regarding Appellant's pre-trial motion *in limine,* wherein the court specifically noted that *if at trial* the Commonwealth could show common scheme, plan or design, it would accept an offer of proof at such time and determine whether the probative value of such testimony outweighed the prejudicial impact of such testimony upon Appellant, the Commonwealth presented a motion, *pre-trial,* entitled "Motion for Allowance of Testimony" requesting that the Court reconsider its previous ruling regarding suppression of this evidence. The Commonwealth's motion was, thus, filed in complete disregard for the trial court's earlier ruling. In addition, it was filed on the very eve of trial and was, in effect, nothing more than a request to the

trial court to reconsider its earlier order; an order which had been entered more than thirty days earlier and one from which no appeal had been filed.

Additionally, given the evidence sought to be admitted, I find the trial court's ruling on the motion *in limine* to be eminently reasonable. Unlike in *Cohen* where the evidentiary issues could be decided on the facts of record, a determination of whether the evidence of other crimes sought to be admitted by the Commonwealth in the instant matter was relevant and not unduly prejudicial is dependent upon additional evidence which may ultimately be presented at trial. In my opinion, the Majority's holding to the contrary is in error.

The Majority here determines that on the facts of this case, the evidence of other crimes is not unduly prejudicial since it is required for the Commonwealth's case and, thus, deems it admissible. I am at a loss to discern how the Majority can even propose to make such a determination at this stage of the proceedings. Such unbridled speculation is not only illusory, but sets a dangerous precedent. In my opinion, the Commonwealth's "need" for this challenged evidence cannot be ascertained until the trial commences.

To reiterate, in my view, evidentiary rulings are best left to the trial court's discretion which can render such rulings utilizing the full context of what has and will occur at trial. The balancing test set forth by the Majority herein is simply an inadequate substitution for the well founded and legally sound historical approach which placed the burden of such decisions on the learned trial judges. Here, the trial judge properly reserved final decision on the evidentiary issue for the time of trial. He afforded the Commonwealth the opportunity of establishing a competent record at that time. Given this record, there is absolutely no need for premature appellate intervention which only serves to delay trial.

Accordingly, based upon my concurring opinion in *Cohen,* as well as that of Mr. Justice Zappala, and for all the reasons set forth above, I respectfully dissent.

ZAPPALA and NIGRO, JJ., join this dissenting opinion.