**Commonwealth v. Boyd**

C.P. of Bucks County, no. 1219-01-96.

*Gayle M. Baker,* for the Commonwealth.
*Erica Heide Keisling,* for defendant.

BIESTER, Jr., *J.,* September 26, 1996—This opinion is written in response to an appeal taken by the defendant, Kenneth Boyd, from judgment of sentence entered on June 25, 1996. We believe that the primary issue on appeal is whether the court erred in admitting into evidence facts relating to a past robbery committed by the defendant.

The facts of this case, read in a light most favorable to the verdict winner, the Commonwealth, are as follows: On December 16, 1995 around 1 a.m., the alarm sounded at the Super Food Rite on 320 Pond Street in Bristol. The store manager, Richard Barber, and police officer John Lancieri, met each other at the store. The store was locked when they arrived, and they did not see any signs of an external break-in. The two men went inside the store, and they inspected the premises. During the inspection, Mr. Barber went into the compressor room, and he saw feet on the floor. The defendant was lying underneath some of the compressors. Mr. Barber yelled to officer Lancieri, who came back into the compressor room and apprehended the defendant. The defendant claimed that he was drunk, and that he had come into the store to use the bathroom. He

claimed that he must have just passed out in the compressor room.

To combat the defendant's explanation for his presence, the Commonwealth sought to introduce into evidence facts relating to a robbery that defendant had committed in April of 1987. In 1987, the defendant robbed the manager of the Thriftway at 320 Pond Road in Bristol (the same store under a different name as the store in the instant case). In the course of the 1987 robbery, the defendant entered the store the night before while it was still open, and remained in the store overnight. There were no motion detectors in the store at that time. The next morning, when a store employee arrived, the defendant robbed him, took money from the store, and kidnapped a victim. The defendant subsequently pled guilty to that robbery. We permitted the Commonwealth to introduce that evidence. In the instant case, the defendant was found guilty of criminal trespass; however, it should be noted that he was found not guilty of burglary.

"Generally, evidence of other crimes is inadmissible against a defendant who is being tried for another crime if the admission of such is merely for the purpose of showing the defendant's criminal disposition." *Commonwealth v. Nolen,* 535 Pa. 77, 88-89, 634 A.2d 192, 198 (1993), citing *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491 (1988).

"This general rule nevertheless allows evidence of other crimes to be introduced to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others, or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is

such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. *Commonwealth v. Tedford,* 523 Pa. 305, 567 A.2d 610 (1989); . . . *Commonwealth v. Murphy,* 540 Pa. 318, [328,] 657 A.2d 927, 932 (1995)." *Commonwealth v. Gordon,* 543 Pa. 513, 519, 673 A.2d 866, 869 (1996).

In determining whether evidence of another crime fits any one of these exceptions, the courts generally look into the similarity of the two crimes.

Instantly, there were a number of extraordinary similarities between the 1987 robbery and the one now at issue. The most striking similarity is that the exact same establishment is involved. Both the 1987 incident and the current incident occurred at 320 Pond Road in Bristol. Another similarity is that the defendant entered the store before closing and remained in the store thereafter.

Since the defendant claims that he simply passed out in the store, and was there by accident, the defendant's conduct in the 1987 robbery is relevant to prove motive, intent, absence of mistake or accident and common scheme or plan.

While it is true that the trial court must still balance the need and relevancy of the other crime's evidence against its prejudicial effect, when such evidence fits an exception to the general rule, its probative value usually outweighs its prejudicial effect. *Commonwealth v. Peterson,* 453 Pa. 187, 198, 307 A.2d 264, 269-70 (1973). In the instant case, due to the similarities between the two cases, the probative value of the evidence clearly outweighs its prejudicial effect. Moreover, the admissibility of such evidence is left to the sound discretion of the trial court. We believe this case is unique. There was no abuse of discretion.