J-A05011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
  :
v.  :
  :
  :
  :
WILLIAM BYRD  :
  :
Appellant  :   No. 384 EDA 2020

Appeal from the Judgment of Sentence Entered December 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005127-2018

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:             Filed: July 22, 2021

Appellant, William Byrd, appeals from the judgment of sentence entered on December 20, 2019 in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

The trial court summarized the facts and procedural history of this matter as follows.

> [Appellant] was arrested and charged with simple assault[, 18 Pa.C.S.A. § 2701(A)], recklessly endangering another person[, 18 Pa.C.S.A. § 2705, two] counts of endangering welfare of children – parent/guardian/other commits offense [18 Pa.C.S.A. § 4304(A)(1)], and strangulation – applying pressure to throat or neck [18 Pa.C.S.A. § 2718(A)(1)] for events that occurred on March 12, 2018 on Theodore Street in the City and County of Philadelphia.
>
> On January 18, 2019, [a motions court judge granted, in part, and denied, in part, a motion in *limine* filed by the Commonwealth].

---

[*] Former Justice specially assigned to the Superior Court.

Thereafter, a waiver trial [proceeded before a different trial judge] on September 12, 2019. In summary, the Commonwealth presented evidence [establishing that Appellant] and his wife [] got into an argument about [Appellant] trying to take their children[, two girls ages six and three,] out of [the wife's apartment] early in the morning of March 12, 2018. [Appellant] pushed [his wife] down the stairs in his attempt to [remove the children from the apartment]. Officer Brian Kiernan responded to [the] call on Theodore Street around 9:00 a.m. When he arrived at the residence, he [met Appellant's wife] who had visible scratch marks on her neck and chest area, her shirt was ripped, and she stated that [Appellant choked and pushed her on the bed and that he pushed her down the stairs].

[The trial court found Appellant] guilty of simple assault, graded as a misdemeanor of the third degree. [Appellant] was found not guilty of the remaining charges. [Appellant] was immediately sentenced to a term of one year reporting probation. A [m]otion for [r]econsideration was granted and [Appellant's] sentence was vacated. A presentence investigation and mental health examination was ordered [for Appellant] on September 16, 2019. On December 20, 2019, [Appellant] was [again] sentenced to one year [of] reporting probation. [Appellant] filed a [timely] notice of appeal to [this] Court. Following receipt of the notes of testimony, [a concise statement of errors complained of on appeal] pursuant to Pa.R.A.P. 1925(b) was ordered. [Appellant filed his concise statement] on September 4, 2020. [The trial court issued its opinion on September 22, 2020].

Trial Court Opinion, 9/22/20, at 1-2 (certain capitalization omitted).

Appellant's brief raises the following issues for our consideration.

Did the trial court err and abuse its discretion in granting the Commonwealth's motion in *limine* when it disallowed, by court order entered on January 18, 2019, the testimony of defense witnesses Melissa Peltier, Jasmine Allen, Janel Cobb, Shanel Perry, and Linda Allen?

Did the trial court err and abuse its discretion in granting the Commonwealth's motion in *limine* when it directed the redaction, through court order entered on January 18, 2019, of a Delaware family court order?

Did the trial court err and abuse its discretion in granting the Commonwealth's motion in *limine* when it barred, by court order entered on January 18, 2019, the admission of two letters prepared by the primary care physician of Appellant's young daughters?

Appellant's Brief at 6-7 (revised for clarity and brevity).

On appeal, Appellant challenges portions of the trial court's January 18, 2019 order which disposed of the Commonwealth's motion in *limine*. Specifically, Appellant objects to those aspects of the order that excluded or limited the testimony of several prospective defense witnesses, excluded entirely two letters prepared by the primary care physician of Appellant's young daughters, and permitted only the introduction of unredacted portions of a Delaware family court order. The scope and standard of review and the general principles governing our examination of such challenges are well settled.

A motion in *limine* is used before trial to obtain a ruling on the admissibility of evidence. **Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.**, 933 A.2d 664 (Pa. Super. 2007). "It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the [factfinder]." **Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*). A trial court's decision to grant or deny a motion in *limine* "is subject to an evidentiary abuse of discretion standard of review." **Id.**

Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. **Commonwealth Financial Systems, Inc. v. Smith**, 15 A.3d 492, 496 (Pa. Super. 2011), *citing* **Stumpf v. Nye**, 950 A.2d 1032, 1035–1036 (Pa. Super. [2008]). "An abuse of discretion may not be found merely because an appellate court might have

reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Grady v. Frito-Lay, Inc.***, 839 A.2d 1038, 1046 (Pa. 2003).

***Parr v. Ford Motor Co.***, 109 A.3d 682, 690 (Pa. Super. 2014) (parallel citations omitted), *appeal denied*, 123 A.3d 331 (Pa. 2014), *cert. denied*, 577 U.S. 1008 (2015). When reviewing a ruling on a motion in *limine*, we apply the scope of review appropriate to a particular evidentiary matter. ***Rachlin v. Edmison***, 813 A.2d 862, 869 (Pa. Super. 2002). Ordinarily, this includes the evidentiary record used by the trial court in rendering its decision. ***Commonwealth v. Gordon***, 673 A.2d 866, 868 (Pa. 1996).

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Relevant evidence, defined as proof that has any tendency to make a consequential fact more or less probable, may be excluded if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or the needless presentation of cumulative evidence. Pa.R.E. 403.

As suggested in his opening issue, Appellant objects to the exclusions and limitations placed upon several defense witnesses, including Melissa Peltier, Jasmine Allen, Janel Cobb, Shanel Perry, and Linda Allen. We address Appellant's objections to each ruling seriatim.

Melissa Peltier (Peltier) is Appellant's mother who lived with Appellant and the victim and who is alleged to have witnessed several arguments

between the couple. Appellant offered Peltier as a defense witness who would attest that it was Appellant's habit to "deescalate, [] placate, and capitulate" to the victim's demands whenever the two began a disagreement. Appellant's Brief at 11 and 20. Because Appellant reacted the same way during each argument with the victim, he claims that Peltier's testimony was admissible as evidence of habit since it referred to nonvolitional activity that occurred with invariable regularity. *See id.*

"Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Pa.R.E. 406. "[H]abit and routine practice denote conduct that occurs with fixed regularity in repeated specific situations." Pa.R.E. 406, cmt. (internal quotations omitted). Testimony regarding a habit is admissible only where the habit "occur[s] with sufficient regularity to make it probable that it would be carried out in every instance or in most instances." *Commonwealth v. Harris*, 852 A.2d 1168, 1178 (Pa. 2004). Rule 406 does not prescribe the manner by which habit may be proved but our case law confirms that "habits" or "routine organizational practices" may be shown by introducing the testimony of a knowledgeable witness. *See* Pa.R.E. 406, cmt.; *Beaver Valley Alloy Foundry, Co. v. Therma-Fab, Inc.*, 814 A.2d 217, 224 (Pa. Super. 2002).

Our evidentiary rules expressly distinguish evidence of "habit" from evidence of "character."

> Evidence of habit must be distinguished from evidence of character. Character applies to a generalized propensity to act in a certain way without reference to specific conduct, and frequently contains a normative, or value-laden, component (e.g., a character for truthfulness). Habit connotes one's conduct in a precise factual context, and frequently involves mundane matters (e.g., recording the purpose for checks drawn).

Pa.R.E. 406, cmt. "[H]abit refers to the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that makes it probative." *Sutch v. Roxborough Mem'l Hosp.*, 151 A.3d 241, 252 (Pa. Super. 2016), *quoting* *Weil v. Seltzer*, 873 F.2d 1453, 1460 (D.C.Cir. 1989).

The trial court did not err in rejecting Peltier's proffered testimony. Domestic arguments do not constitute routine or mundane matters and, as such, an individual's conduct within that context, whether violent or nonviolent, cannot be deemed "reflexive," "instinctive," or "nonvolitional." Because such settings involve deliberative conduct, the nonvolitional character of habit evidence that makes it probative is absent. Accordingly, the trial court did not err in excluding Peltier's testimony as evidence of habit.

Jasmine Allen (Jasmine) is Appellant's sister who also lived with the couple. Like the habit testimony offered by Peltier, Jasmine was prepared to say that Appellant regularly and invariably responded in an accommodating manner when engaged in discord with the victim. Jasmine was also prepared to testify that Appellant had a "habit" of taking his children to see a medical professional when they were sick.

We conclude that the trial court did not err in excluding Jasmine's testimony. Neither identified scenario presents the type of mundane setting which elicits a nonvolitional response. Hence, the probative value of Jasmine's testimony as evidence of habit is lacking. As such, the trial court correctly barred Jasmine's proffered testimony.

Janel Cobb (Cobb) was the caretaker of Appellant's children for nearly a year, during which time she became Appellant's paramour. Cobb, like Jasmine, was prepared to testify that Appellant had a "habit" of taking his children to see a medical professional when they were sick. In addition, Appellant maintains that Cobb's testimony should have been admitted under Rule 607(a) and (b) because evidence of Appellant's "habitual" attentiveness towards his children supported the defense theory that the victim fabricated the assault. Lastly, Appellant claims that Cobb's testimony should have been allowed on rebuttal pursuant to Rule 404(a) and Rule 404(b)(2). We address each of these claims in turn.

Preliminarily, for the reasons set forth above, we reject Appellant's claim that his willingness or proclivity for taking his children to the doctor when they were sick could properly be characterized as a "habit." Next, we are unable to accept Appellant's contention that his willingness to take his children to the doctor should have been admitted for impeachment purposes. As the Commonwealth astutely points out, Appellant does not explain how his past willingness to take his children to the doctor discredits the victim's version of

an assault that occurred on March 12, 2018. *See* Commonwealth's Brief at 27. As the comment to Rule 607 makes clear, "Pa.R.E. 607(b) applies the test for relevant evidence of Pa.R.E. 401 to evidence offered to impeach the credibility of a witness." Pa.R.E. 607, cmt. Because Appellant has not explained how his past practices pertaining to the healthcare of his children undermined the victim's credibility as to the March 12, 2018 assault and, more importantly, because we perceive no relationship between Cobb's proposed testimony and the victim's version of events, we conclude that the trial court did not err.

Appellant's final contention is that the trial court erred or abused its discretion in excluding Cobb's "proposed testimony [on rebuttal that] concerned the health condition of the children when [he brought] them to the [victim]" for court-ordered visitation. Appellant's Brief at 23. Appellant maintains that this evidence was admissible under Rule 404(a) and Rule 404(b)(2). This aspect of Appellant's claim merits no relief.

Although the trial court correctly recognized that the children's medical condition was irrelevant to the assault charges, the court permitted Cobb to testify on rebuttal that Appellant took the children to the doctor recently **if** the victim testified that Appellant did not provide the children with adequate medical care. Because the victim did not assert that Appellant failed to take adequate care of the children, Appellant did not offer Cobb's testimony on rebuttal.

Appellant's reliance on Rule 404 is also unavailing. The trial court allowed Appellant to introduce Cobb's testimony on rebuttal if the victim opened the door to the adequacy of the healthcare Appellant provided to his children. Cobb's proposed testimony had little relevance beyond this prospective use. Moreover, Appellant has not shown that his attention to the children's medical needs constituted a pertinent character trait that would be admissible under Rule 404(a). Lastly, seeking medical attention for a child simply does not fit within the legal construct of Rule 404(b)(2), which allows admission of prior bad acts under limited circumstances. For these reasons, we conclude that the trial court acted within its discretion in excluding Cobb's testimony generally, subject to a limited exception conditioned on the scope of the victim's direct testimony.

Linda Allen (Linda) is Appellant's grandmother who was prepared to testify on Appellant's behalf as a fact and character witness. Defense counsel conceded that, before the January 18, 2019 hearing on the motion in *limine*, he did not notify the Commonwealth that he intended to call Linda as a witness. Nonetheless, Appellant claims that the trial court erred or abused its discretion in excluding Linda as a witness since Appellant's trial did not occur until September 12, 2019.

This claim merits no relief. As a preliminary matter, Appellant did not specifically raise his objection to the exclusion of Linda's testimony in his motion for reconsideration filed on January 28, 2019. Hence, this claim was

not preserved before the trial court and is not now subject to appellate review. *See* Pa.R.A.P. 302(a). Moreover, the procedural background of this case leads us to conclude that the trial court did not abuse its discretion in barring Linda's testimony. The Commonwealth's motion in *limine* was heard before a motions judge on January 18, 2019 because this case was scheduled to proceed to a bench trial later the same day before a different trial judge. After the motion in *limine* was heard, Appellant requested a continuance from the trial judge, which was denied. Thereafter, Appellant elected to proceed before a jury, necessitating that his trial be rescheduled. If Appellant wanted the court to reconsider the exclusion of Linda's testimony since the Commonwealth now had ample notice of her proposed appearance, and would suffer no prejudice if she were added to Appellant's witness list, he needed to expressly raise those claims in a timely motion. Because Appellant did not do so, he is not entitled to relief.

Appellant next argues that the trial court erred or abused its discretion in granting the Commonwealth's motion in *limine* when it directed the redaction of a Delaware family court order. Here, the trial court redacted portions of the Delaware custody order but permitted the terms of custody and visitation to be admitted at trial. Appellant complains that the redacted sections of the order included unspecified "findings [of fact] and conclusion of law delineating custody, release, and visitation" which showed that the victim

fabricated the assault to gain the upper hand in the parties' custody litigation. Appellant's Brief at 19.

This contention merits no relief. The trial court admitted portions of the Delaware custody order which established that an evidentiary hearing had taken place and that Appellant was awarded primary custody of the couple's children and that the victim received limited visitation rights. At trial, Appellant confronted the victim with the admitted portions of the custody order to establish the contentious nature of the parties' dispute, their past violations of the custody order, and that the victim was unhappy with the terms of the order. Put differently, the unredacted portions of the custody order offered everything Appellant needed at trial to establish a motive on the part of the victim to fabricate the March 12, 2018 assault. Appellant has not explained how any of the redacted text further substantiated his assertion that the victim fabricated the assault. As such, we are persuaded that the trial court correctly excluded portions of the Delaware custody order as cumulative. *See* Pa.R.E. 403.

In his final claim, Appellant maintains that the trial court erred or abused its discretion in granting the Commonwealth's motion in *limine* when it barred the admission of two letters prepared by the primary care physician of Appellant's young daughters. The letters declare that the children's physician was unaware that the children suffered from the medical conditions for which they sought treatment shortly before the March 12, 2018 assault.

This claim fails. The letters were irrelevant because both were prepared months after the March 2018 assault and offered no probative facts about the incident. *See* Pa.R.E. 402. The letters also consisted entirely of inadmissible hearsay since both constituted out-of-court medical declarations offered to prove the truth of the matters asserted. *See* Pa.R.E. 801(c); ***Commonwealth v. Wade***, 226 A.3d 1023, 1033 (Pa. Super. 2020) ("Hearsay is an out of court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule."). Because the letters were irrelevant hearsay, and since Appellant has come forward with no grounds to support their admission, we conclude that the trial court did not err in its ruling.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/21