J-S43014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| WANY L. DENG | |
| Appellee | No. 1665 MDA 2015 |

Appeal from the Order Entered September 14, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000509-2014

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 15, 2016**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Clinton County Court of Common Pleas, which granted the motion *in limine* by Appellee, Wany L. Deng, to preclude the Commonwealth from introducing certain testimony/evidence at trial. We affirm.

The relevant facts of this case as set forth in the affidavit of probable cause are as follows. On August 28, 2014, Victim reported to police that on August 24, 2014, Appellee had unlawful sexual contact with her. Specifically, Victim alleged Appellee picked her up for a dinner date on August 24, 2014. After dinner, Appellee drove Victim to the city beach parking lot; and Victim and Appellee went for a walk. When Victim and Appellee returned to Appellee's car, Appellee lifted up Victim's shirt and began sucking on Victim's breasts. Victim told Appellee she was

uncomfortable and not ready for his sexual advances. Appellee ignored Victim's statements and inserted his fingers into her vagina. Victim again told Appellee she was not ready for that type of intimate contact. Appellee then drove Victim to his residence, at which time Victim made clear she did not want anything sexual to take place between them. Appellee ignored Victim once again, this time forcing himself on top of her and engaging in sexual intercourse with Victim. Victim told Appellee to stop, but Appellee continued to have sex with Victim until Appellee ejaculated. Afterwards, Appellee drove Victim back to her dormitory residence at Lock Haven University ("LHU").[1]

Police interviewed Appellee on August 28, 2014. Appellee admitted he had kissed Victim in the car but did not mention any other sexual contact that occurred in his car. According to Appellee, he and Victim had consensual sexual contact at Appellee's residence. Police interviewed Appellee again on September 3, 2014. During this interview, Appellee showed police the following text message exchange between Appellee and Victim after Appellee had driven Victim home:

[Appellee]:  Hey, are you okay?

[Victim]:  No, I'm not. I did not want to have sex and you did it anyways even when I said no and stop.

[Appellee]:  Baby, I am sorry. I didn't mean to hurt

___

[1] The record suggests Appellee and Victim were LHU students.

you.

(Affidavit of Probable Cause, dated 11/6/14, at 1). Appellee admitted during this interview that he touched Victim's breasts when Victim and Appellee were in the car together, but Appellee denied having touched Victim's vagina. Appellee also said Victim had asked her to "go slow" during sexual intercourse, and Appellee did as asked. Police interviewed Appellee a third time on October 3, 2014. During this interview, Appellee admitted Victim told him to stop, once while they were having sex, but Appellee clarified Victim's remark was only in reference to how far Appellee was inserting his penis into her vagina. Appellee initially stated he did as asked but later admitted inserting his penis into Victim's vagina farther than she wanted. The Commonwealth subsequently charged Appellee with rape, aggravated indecent assault, indecent assault, and sexual assault.[2]

Procedurally:

> This matter was originally scheduled for Jury Selection on March 3, 2014, but was continued because of a Pretrial Motion filed by [Appellee] on February 26, 2015. The newly selected Jury Selection date was Friday, May 8, 2015. On May 7, 2015, the Commonwealth requested that the Jury Selection be continued…. The Commonwealth's request was granted and [Appellee] was scheduled for Jury Selection on Friday, July 10, 2015. On July 10, 2015, a Jury was selected and trial was scheduled [for] August 27, 2015 and August 28, 2015.

---

[2] 18 Pa.C.S.A. §§ 3121(a)(1); 3125(a)(1); 3126(a)(1); 3124.1

On August 27, 2015 at 8:30 A.M., this [c]ourt was alerted that some pretrial matters needed to be addressed without the Jury present. This [c]ourt then left Chambers and conducted a proceeding with the Commonwealth and [Appellee] in open Court with the Court Reporter present, but with the Jury not present. [Appellee] made what could be termed a Motion *in Limine* at that point [in] time concerning the testimony of two (2) individuals, Dr. Amy Cotner, who is employed at [LHU] in Student Affairs and Emmalynn Borst, who is also an employee at LHU. Both individuals had some involvement with the University Judicial Board Hearing involving [Appellee] which occurred on Monday, October 13, 2014, at LHU. The Commonwealth desired to enter into evidence at Trial the testimony of Ms. Borst and Dr. Cotner. [Appellee] specifically objected to admission into evidence of [Appellee's] statement to Ms. Borst, Dr. Cotner and the LHU Judicial Board[,] that [Appellee] did have nonconsensual sexual contact with the complaining witness[,] during the University Judicial Board Hearing. The Commonwealth also desired to enter into evidence the decision of the University Judicial Board Hearing.[3] [Appellee] objected to the admission of said evidence for numerous reasons.[4]

---

[3] The decision of the LHU Judicial Board indicated Appellee "pled responsible" to "sexual misconduct."

[4] Specifically, the Commonwealth offered Dr. Cotner to testify regarding, *inter alia*, statements Appellee had made during her interview of him as part of the LHU administrative process, and Appellee's decision to "plead responsible" to violating the "sexual misconduct" section of the LHU student handbook after consulting with his academic advisor. Dr. Cotner supplied the Commonwealth on the morning of this pre-trial hearing with a copy of the LHU student handbook, which contains the definition of "sexual misconduct" as "nonconsensual sexual contact." Appellee objected to any testimony provided by Dr. Cotner or Ms. Borst that Appellee accepted responsibility for "nonconsensual sexual contact" where, *inter alia*, the Commonwealth did not notify the defense it planned to use that terminology until 11:37 A.M. on August 26, 2015, and had not produced a copy of the LHU student handbook in discovery.

During Argument before this [c]ourt, the District Attorney informed the [c]ourt that the District Attorney had become aware of this information after the District Attorney initially had interviewed the two (2) witnesses, Ms. Borst on August 17, 2015 at 1:00 P.M. and Dr. Cotner on August 25, 2015 at 10:30 A.M. The [c]ourt was further advised that this information was forwarded to Defense Counsel on August 26, 2015, less than twenty-four (24) hours before the beginning of the Jury Trial. This [c]ourt was also informed that the LHU Judicial Conduct Board Hearing is required to be recorded, that LHU did record the proceeding on October 13, 2014, and that LHU then [accidentally] deleted the recording.

[Appellee] appealed the decision of the LHU Judicial Board which appeal was denied by LHU based upon a review of the record. This [c]ourt would note that it was advised that the record of the LHU proceedings had been destroyed prior to LHU [appellate] review.

This [c]ourt ruled on August 27, 2015 that the testimony of Dr. Cotner and Ms. Borst concerning [Appellee's] statements at the LHU proceedings and the decision of the LHU [J]udicial [B]oard were not admissible at Trial. Thereafter, the Office of District Attorney informed this [c]ourt that the Commonwealth would appeal said ruling and desired a continuance of the Jury Trial. This [c]ourt granted the continuance. The Commonwealth filed [an] appeal on September 24, 2015.[5]

This [c]ourt directed the Commonwealth to file a Statement of [Errors] Complained of on Appeal[,] which the Commonwealth did on October 2, 2015.

---

[5] The court reduced its verbal order to a written order on September 14, 2015. The Commonwealth filed a notice of appeal pursuant to Pa.R.A.P. 311(d) (stating in criminal cases, Commonwealth may take appeal as of right from order that does not end entire case where Commonwealth certifies in notice of appeal that order appealed from will terminate or substantially handicap prosecution of case). We discuss this concept more fully later in our disposition.

(Trial Court Opinion, filed October 9, 2015, at 1-3).

The Commonwealth raises one issue for our review:

DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT GRANTED [APPELLEE'S] MOTION *IN LIMINE* TO EXCLUDE TESTIMONY RELATED TO ADMISSIONS [APPELLEE] MADE DURING A UNIVERSITY ADMINISTRATIVE PROCEEDING BECAUSE THERE WAS NO DISCOVERY VIOLATION AND, ALTERNATIVELY, THE APPROPRIATE REMEDY WAS THE GRANT OF A CONTINUANCE?

(Commonwealth's Brief at 3).

Preliminarily, Appellee asks this Court to quash the Commonwealth's appeal, claiming the Commonwealth's certification pursuant to Rule 311(d) was not made in good faith. Appellee argues the Commonwealth had already selected a jury and was prepared to go forward with trial prior to its interviews with Ms. Borst and Dr. Cotner on August 17, 2015 and August 25, 2015, respectively. Appellee asserts proffered testimony from these witnesses could not have been "essential" to the Commonwealth's case where the Commonwealth was prepared to try the case without it. Appellee insists the Commonwealth's certification that the order granting Appellee's motion *in limine* will terminate or substantially handicap the prosecution was disingenuous. We disagree.

Generally, appellate courts have jurisdiction only over appeals taken from a final order. ***Commonwealth v. Scarborough***, 619 Pa. 353, 64 A.3d 602 (2013). "However, there are exceptions to this general rule, one of which is set forth in Rule 311(d)[.]" ***Commonwealth v. Shearer***, 584 Pa.

134, 140, 882 A.2d 462, 466 (2005). Pennsylvania Rule of Appellate Procedure 311(d) provides:

> **Rule 311.  Interlocutory Appeals as of Right**
>
> \*    \*    \*
>
> **(d)   Commonwealth appeals in criminal cases.**—In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).  Our Supreme Court has explained:

> The roots of the Rule are planted in the fundament of constitutional law: the Commonwealth has a never shifting burden to prove each element of the crime charged beyond a reasonable doubt.  Constitutional due process requires that the government prove every fact necessary to constitute the crime beyond a reasonable doubt.  The burden of proof never shifts but rests with the prosecution throughout.  It is the continuing presumption of innocence that is the basis for the requirement that the state has a never-shifting burden to prove guilt of each essential element of the charge beyond a reasonable doubt.
>
> When a pretrial motion removes evidence from the Commonwealth's case, only the prosecutor can judge whether that evidence substantially handicaps [her] ability to prove every essential element of [her] case. Additionally, only the prosecutor can judge whether [she] can meet [her] constitutional burden of proving [her] case without that evidence.

*Commonwealth v. Cosnek*, 575 Pa. 411, 416-17, 836 A.2d 871, 874-75 (2003) (internal citations and quotation marks omitted).

> The classic case of an interlocutory order appealable by the Commonwealth as of right by such certification is one

granting a defense motion to suppress evidence. The certification by an officer of the [c]ourt guards against frivolous appeals or appeals intended solely for delay. This Court has held that the Commonwealth's certification is not contestable and in and of itself, precipitates and authorizes the appeal. This Court has since made clear that the Commonwealth may appeal a pre-trial ruling on a motion *in limine* which excludes Commonwealth evidence in the same manner that it may appeal an adverse ruling on a suppression motion—*i.e.*, by certification that the order has the effect of terminating or substantially handicapping the prosecution.

***Commonwealth v. Boczkowski***, 577 Pa. 421, 441, 846 A.2d 75, 87 (2004) (holding Commonwealth's good faith certification included in notice of appeal that trial court order excluding evidence from Commonwealth's case-in-chief would terminate or substantially handicap prosecution was sufficient to trigger Commonwealth's right to appeal; Superior Court properly recognized it was not authorized to contest that certification) (internal citations, quotation marks, and footnote omitted). A "substantial handicap" exists whenever the Commonwealth is denied the use of all of its available evidence. ***Id.*** at 441 n.17, 846 A.2d at 87 n.17. ***See also Commonwealth v. Gordon***, 543 Pa. 513, 673 A.2d 866 (1996) (explaining there is no essential difference between suppression rulings and rulings on motions *in limine* to admit or exclude evidence; in both cases, pretrial rulings are handed down which admit or exclude evidence at trial, and in both cases, once jury is sworn, Commonwealth may not appeal from adverse ruling; without immediate right of review, Commonwealth's case might be so hampered that it is unable to proceed).

Instantly, after the court announced its decision on the record to grant Appellee's motion *in limine*, the Commonwealth asked the court to continue the case so it could appeal the court's pre-trial ruling. (**See** N.T. Pre-trial Hearing, 8/27/15, at 28; R.R. at 34a.) During the court's subsequent exchange with the District Attorney, defense counsel stated: "Judge, if I can jump in, I believe she has the right to appeal. I don't think I would oppose it." (**Id.**) Thereafter, the court released the jurors, cancelled the jury trial, and rescheduled jury selection. On September 24, 2015, the Commonwealth filed its notice of appeal stating: "The Commonwealth certifies that the aforesaid Order will terminate or substantially handicap the prosecution." (**See** Notice of Appeal, filed September 24, 2015, at 1.) Because the court's order granting Appellee's motion *in limine* deprived the Commonwealth of an opportunity to proceed at trial with all of its available evidence, the District Attorney's certification that the order will terminate or substantially handicap the prosecution was sufficient to trigger the Commonwealth's right to appeal. **See** Pa.R.A.P. 311(d); **Boczkowski, supra**; **Cosnek, supra**; **Gordon, supra**. Thus, there are no jurisdictional impediments to our review; and we will address the merits of the Commonwealth's issue.

The Commonwealth argues it provided Appellee a discovery packet on or about May 19, 2015, containing all documents the Commonwealth had obtained from LHU regarding the administrative proceeding. The

Commonwealth asserts the discovery packet included a "summary" from the administrative hearing indicating Appellee accepted responsibility for sexual misconduct. The Commonwealth claims defense counsel conceded he received a copy of that summary. The Commonwealth insists Appellee's acceptance of responsibility for engaging in sexual misconduct is the substance of the inculpatory statement Appellee made to Ms. Borst and Dr. Cotner, and about which those witnesses would testify. The Commonwealth maintains defense counsel confirmed he knew Ms. Borst was a potential witness. The Commonwealth acknowledges it originally thought Ms. Borst had interviewed Appellee as part of the administrative proceeding but learned only ten days prior to trial during witness preparation that Dr. Cotner actually conducted the interview. The Commonwealth contends it notified defense counsel promptly, via e-mail, that the Commonwealth would issue a subpoena for Dr. Cotner. The Commonwealth explains it was unable to produce a recording of the administrative hearing because the recording was accidentally deleted by LHU prior to the filing of the criminal complaint in this case. The Commonwealth submits it did not violate the discovery rule, where it produced all information in the Commonwealth's possession regarding Appellee's inculpatory statements in connection with the LHU administrative proceeding, and promptly disclosed to Appellee additional relevant evidence it learned from Ms. Borst and Dr. Cotner as soon as the Commonwealth received that information.

Even if it violated the discovery rule, the Commonwealth insists the appropriate remedy was to grant a short continuance. The Commonwealth highlights that the rules of criminal procedure do not dictate a deadline for conducting witness interviews. The Commonwealth claims it had no improper motive in conducting interviews with Ms. Borst and Dr. Cotner when it did. The Commonwealth submits any potential prejudice to Appellee could have been cured by a short continuance.[6] The Commonwealth concludes the court abused its discretion by granting Appellee's oral motion *in limine* to preclude the testimony at trial of Ms. Borst and Dr. Cotner, regarding inculpatory statements Appellee made in connection with the LHU administrative proceeding, and this Court must reverse.[7] We disagree.

The relevant standard of review in this case is as follows:

> In evaluating the denial or grant of a motion *in limine*, our standard of review is well-settled. When ruling on a trial court's decision to grant or deny a motion *in limine*, we

_____

[6] The Commonwealth also suggests the trial court's decision might have been clouded by frustration the court had with the former District Attorney, as evidenced by statements in the court's Rule 1925(a) opinion. The court stated in its Rule 1925(a) opinion that, based on the court's prior interactions with the former District Attorney in this case, the court urged this Court to seriously consider whether the Commonwealth's certification under Rule 311(d) was made in good faith. Because the court's comments pertained solely to the jurisdictional issue, which we have already discussed, we give this claim no further attention.

[7] The Commonwealth does not challenge on appeal the portion of the court's order excluding it from introducing the decision of the LHU Judicial Board indicating Appellee "pled responsible" to "sexual misconduct." (**See** Commonwealth's Brief at 6 n.3).

apply an evidentiary abuse of discretion standard of review. A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. If the evidentiary question is purely one of law, our review is plenary.

*Commonwealth v. Belani*, 101 A.3d 1156, 1160 (Pa.Super. 2014) (internal citations and quotation marks omitted). Our scope of review in cases where the trial court explains the basis for its evidentiary ruling is limited to an examination of the stated reason. *Commonwealth v. Stephens*, 74 A.3d 1034, 1037 (Pa.Super. 2013). "We must also be mindful that a discretionary ruling cannot be overturned simply because a reviewing court disagrees with the trial court's conclusion." *Commonwealth v. O'Brien*, 836 A.2d 966, 968 (Pa.Super. 2003), *appeal denied*, 577 Pa. 695, 845 A.2d 817 (2004) (internal citation and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 573 provides, in pertinent part, as follows:

**Rule 573. Pretrial Discovery and Inspection**

\*   \*   \*

**(B)   Disclosure by the Commonwealth.**

(1)   *Mandatory*. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney

- 12 -

all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\* \* \*

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

\* \* \*

**(D) Continuing Duty to Disclose.** If, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, or the identity of an additional witness or witnesses, such party shall promptly notify the opposing party or the court of the additional evidence, material, or witness.

**(E) Remedy**. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

\* \* \*

Pa.R.Crim.P. 573(B)(1)(b), (D), (E). "The purpose of the discovery rules is to permit the parties in a criminal matter to be prepared for trial. Trial by ambush is contrary to the spirit and letter of those rules and cannot be condoned." **Commonwealth v. Manchas**, 633 A.2d 618, 625 (Pa.Super.

1993), *appeal denied*, 539 Pa. 647, 651 A.2d 535 (1994) (internal citations omitted). "When a party has failed to comply with Rule [573(B)(1)], the trial court has broad discretion in choosing an appropriate remedy." ***Id.*** (internal citation omitted).

Instantly, the trial court addressed the Commonwealth's issue on appeal as follows:

> [T]his [c]ourt has attempted to manage under difficult circumstances the trial docket in its judicial district. As President Judge, this [c]ourt has attempted to dispose of cases promptly. This case was continued twice to finally selecting a jury on July 10, 2015, only to have the Commonwealth notify Defense Counsel on the eve of Trial that the Commonwealth intended to offer two (2) witnesses that would indicate that [Appellee] basically confessed to the alleged crimes. This [c]ourt notes once again that the Commonwealth did not interview these witnesses until August 17, 2015 and August 25, 2015.[8]
>
> Due to the lack of due diligence of the Commonwealth and the clear lack of fairness in advising [Appellee] of these two (2) witnesses; *i.e.*, Dr. Cotner and Ms. Borst, and the alleged testimony of these witnesses on the very eve of Trial, this [c]ourt would not permit this testimony to be offered to the Jury.
>
> The Commonwealth may argue that this [c]ourt committed error by simply not continuing this matter to the next trial term. The remedy suggested by the Commonwealth simply rewards the Commonwealth for lack of due diligence in preparing the case for trial or as [Appellee] could argue[,] intentionally ambushing [Appellee] with [Appellee's] alleged confession without any time to respond and/or investigate. This [c]ourt declines to

_____

[8] Trial was scheduled for August 27-28, 2015.

- 14 -

> reward the Commonwealth or permit these actions to become commonplace in this [c]ourt's judicial district.

(Trial Court Opinion at 4-5). We see no reason to disrupt the court's decision. *See Belani, supra*; *Stephens, supra*; *O'Brien, supra*; *Manchas, supra*.

The record shows the Commonwealth sent defense counsel a discovery packet in May 2015 containing all documents the Commonwealth had obtained from LHU regarding the administrative proceeding, which took place on October 13, 2014.[9] The discovery packet included, *inter alia*, a "summary" from the administrative hearing indicating Appellee "pled responsible" to "sexual misconduct." Significantly, the discovery packet did not include the LHU student handbook defining "sexual misconduct" as "nonconsensual sexual contact." The Commonwealth did not obtain a copy of the LHU student handbook or make it available to the defense until the morning of the pre-trial conference on August 27, 2015, after the parties had already selected a jury and the case was otherwise ready to begin Appellee's jury trial. Additionally, the discovery packet contained references

_____

[9] Notably, none of the items from the LHU administrative proceeding is included in the certified record, so our review of these documents is limited to their discussion at the pre-trial hearing on August 27, 2015. *See Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007) (stating: "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty").

to Ms. Borst's and Dr. Cotner's involvement in the LHU administrative proceeding, but the Commonwealth previously had identified only Ms. Borst as a potential trial witness. More importantly, the Commonwealth did not interview these witnesses until August 17, 2015 and August 25, 2015, respectively, which was more than one month after the jury had been selected and was on the eve of trial. Due to the late timing of the Commonwealth's interviews with Dr. Cotner and Ms. Borst, the Commonwealth did not inform the defense until 11:37 A.M. on August 26, 2015 (the day before trial was set to begin), that the Commonwealth intended to offer testimony from these two witnesses regarding inculpatory statements Appellee had made in connection with the administrative proceeding, including Appellee's acceptance of responsibility for "nonconsensual sexual contact." Under these circumstances, we will not disturb the court's decision to grant Appellee's motion *in limine* and preclude the Commonwealth from offering this testimony at trial. **See** Pa.R.Crim.P. 573(B)(1)(b); (E); **Manchas, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2016

- 16 -